(Nos. 49155-56 cons.)

SPRINGFIELD - SANGAMON COUNTY REGIONAL PLAN COMMISSION v. THE FAIR EMPLOYMENT PRACTICES COMMISSION *et al.*—THE CITY OF SPRINGFIELD, Appellant, v. THE FAIR EMPLOYMENT PRACTICES COMMISSION *et al.*, Appellees. —THE COUNTY OF SANGAMON, Appellant, v. THE FAIR EMPLOYMENT PRACTICES COMMISSION *et al.*, Appellees.

*Opinion filed Jan. 20, 1978.—Rehearing denied March 30, 1978.*

D. Bradley Blodgett, Corporation Counsel, and W. J. Simhauser, of Springfield, for appellant City of Springfield.

C. Joseph Cavanagh, State's Attorney, of Springfield (Wayne Golomb, of counsel), for appellant County of Sangamon.

William J. Scott, Attorney General, of Springfield (Paul V. Esposito, Assistant Attorney General, and J. Stuart Garbutt, Special Assistant Attorney General, both of Chicago, of counsel), for appellee Fair Employment Practices Commission.

Robert Weiner, of Springfield, for appellee Elwood Smith.

MR. JUSTICE RYAN delivered the opinion of the court:

In April 1973 the plaintiffs, the city of Springfield, the County of Sangamon, and the Springfield - Sangamon County Regional Plan Commission, filed three administrative review actions in the circuit court of Sangamon County, pursuant to the provisions of the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, par. 264 *et seq.*). The actions, which were consolidated in the circuit court, sought to review a decision of the Illinois Fair Employment Practices Commission (FEPC) rendered on March 29, 1973, which had found that the plaintiffs had committed an unfair employment practice by not hiring defendant Elwood Smith because of his race. The Commission had ordered plaintiffs to offer Smith the job and to pay him back wages and the fringe benefits to which he was

entitled. The circuit court ruled that the FEPC had lost jurisdiction of the case prior to the time of its decision and set aside the ruling. On appeal, the appellate court held that the FEPC had jurisdiction over the Springfield - Sangamon County Regional Plan Commission and the County of Sangamon and remanded the cause to the circuit court for a decision on the merits as to those two plaintiffs. Subsequently, the appellate court withdrew the original opinion and filed another opinion in which it affirmed the circuit court order as to the Spring-field - Sangamon County Regional Plan Commission, but held that the FEPC had jurisdiction over the city of Springfield and County of Sangamon. At the request of the parties on rehearing, the appellate court agreed to consider the case on the merits, and in addition to its jurisdictional finding, sustained the FEPC's finding of discrimination. (45 Ill. App. 3d 116.) We granted leave to appeal.

On June 12, 1968, defendant Elwood Smith filed a charge of unfair employment practice with the FEPC naming as respondents "City of Springfield Plan Commission, Nelson Howarth, Mayor, Eugene Estes, Chairman, Bradley Taylor, Executive Director." The charge stemmed from the refusal of the Springfield - Sangamon County Regional Plan Commission to hire Smith as its "Urban Renewal Planner Administrator." Smith, who is black, and who had interviewed with Taylor after answering an advertisement in the newspaper, charged that he was discriminated against because of his race, in that on May 20, 1968, the plan commission hired a white man for the position of administrator, who Smith alleged was less qualified for the job.

Smith filed an amended charge on September 9, 1968, to change the name of respondents to "Spring-field - Sangamon County Regional Plan Commission, Eugene Estes, Chairman, Bradley Taylor, Executive Director,

City of Springfield Plan Commission." The FEPC began investigating the charge of unfair employment practices against the plan commission, and several conciliation conferences were conducted. On December 5, 1968, a stipulation was entered into purporting to extend the 180-day period in which the FEPC could issue a complaint (which began to run on June 12, 1968, the day the charge was properly filed), as provided by section 8 of the Fair Employment Practices Act (Ill. Rev. Stat. 1967, ch. 48, par. 858(c)). The stipulation, which was entered into by both Smith and the Springfield - Sangamon County Regional Plan Commission and approved by the FEPC, was subsequently modified, and a similar agreement was entered into by the same parties. As a result, the 180-day period was purportedly extended to March 31, 1969.

Further conciliation proved unfruitful, and on March 25, 1969, a complaint was filed by the FEPC naming Springfield - Sangamon County Regional Plan Commission as respondent and alleging an unfair employment practice on or about May 20, 1968, as set forth in the charge. On April 30, 1969, the FEPC amended its complaint to include the additional dates of the month of October 1967, January 26, 1969, February 14, 1969, and March 18, 1969.

On August 22, 1969, Smith petitioned the FEPC to amend the complaint to add plaintiffs city of Springfield and County of Sangamon as additional respondents, and the petition was allowed by the Commission on October 7, 1969. However, for reasons that are not entirely clear from the record, the amended complaint was not filed until April 28, 1970. The substance of the amended complaint essentially remained the same, alleging an unfair employment practice as the result of the refusal of the Springfield - Sangamon County Regional Plan Commission to hire Smith because he is black, as set forth in his charge of June 12, 1968. Smith's charge of unfair employment

practices which was attached to the amended complaint was a copy of the amended charge which Smith had filed on September 9, 1968, with the words "County of Sangamon and City of Springfield" interlineated following the words "Springfield - Sangamon County Regional Planning Commission." The sole charge of unfair employment practice against the city and county in the amended charge, and in the amended complaint, is that which was alleged to have occurred on May 20, 1968. The additional dates of alleged unfair practices which were charged against the Springfield - Sangamon County Regional Plan Commission in the amended complaint filed by the FEPC on April 30, 1969, were not alleged in the amended complaint with which we are here concerned.

We first consider the question of jurisdiction, a point which has been extensively debated throughout the entirety of the proceedings. To determine whether or not the FEPC retained jurisdiction over the matter, we must consider the relevant portions of the Fair Employment Practices Act. The Act, as it was in effect at the time of Smith's initial charge, provided:

> "(a) Whenever within 120 days after the date that an unfair employment practice allegedly has been committed, a charge in writing under oath or affirmation is filed with the Commission by a complainant and in such detail as to substantially apprise any party properly concerned as to the time, place and facts with respect to such alleged unfair employment practice, that any employer *** has committed such unfair employment practice, the Commission shall promptly serve a copy of the charge or summary thereof on the respondent and thereafter shall institute an investigation by its employees to ascertain the facts relating to such alleged unfair employment practice. If it is determined by the Commission, after such investigation, that there is not substantial evidence that the alleged unfair employment practice has been committed, the charge shall be dismissed; otherwise the Commission, or any member thereof, shall

endeavor to eliminate the effect thereof and prevent repetition thereof by means of conference and conciliation. \*\*\*

(b) \*\*\*

(c) Whenever a charge of an unfair employment practice has been properly filed, the Commission, within 180 days thereof, shall either issue and serve a complaint in the manner and form set forth in this Section or shall order that no complaint be issued. Any such order shall be duly served upon both the complainant and the respondent." Ill. Rev. Stat. 1967, ch. 48, par. 858.

We first consider whether the 180-day time requirement of subsection (c) is a jurisdictional limitation which deprived the FEPC of authority to act after its expiration. We do not agree with the holding of the appellate court that the 180-day period requirement is merely directory in nature. While the period is not jurisdictional in the sense that it cannot be waived, it is our view that the limitation imposed a mandatory time within which a complaint could issue by the FEPC. It is well established that such time periods will be considered directory only where the rights of the parties are not injuriously affected by the failure to act within the time indicated. (*Carrigan v. Illinois Liquor Control Com.* (1960), 19 Ill. 2d 230.) Certainly, periods of inaction on behalf of the FEPC would tend to hamper the remedial and reconciliatory procedures which underlie the very purpose of the Fair Employment Practices Act, and should the FEPC find against the respondents the financial burden of the administrative order could be substantially increased by virtue of any extended delay. Consequently, the 180-day period prescribed in the statute was intended to ensure expeditious action on behalf of the FEPC, and must be considered mandatory.

Since the time period, then, imposes a mandatory limit within which the agency is required to act, it is comparable to a statute of limitations. This court has previously interpreted similar time periods as having this

effect. (See *Pantle v. Industrial Com.* (1975), 61 Ill. 2d 365.) Being a statute of limitations, its application is subject to waiver, estoppel, and extension by the parties. (See *Molex, Inc. v. Industrial Com.* (1975), 62 Ill. 2d 46.) This is the precise effect of the amendatory language, which presently is contained in the section, and allows the period to be extended by agreement of the parties. Ill. Rev. Stat. 1973, ch. 48, par. 858.01(a).

In 1957 Sangamon County passed a resolution, pursuant to statute (Ill. Rev. Stat. 1957, ch. 34, par. 152a), creating the Sangamon County Plan Commission. Also in 1957, the city of Springfield created the Springfield Plan Commission, pursuant to section 53–1 of the Revised Cities and Villages Act (Ill. Rev. Stat. 1957, ch. 24, par. 53–1). The Springfield ordinance provided that the Springfield Plan Commission could meet with the Sangamon County Regional Plan Commission under the auspices of a single chairman. The ordinance empowered the Springfield Plan Commission to appoint an executive director and such other employees as it deemed necessary, with the consent and approval of the mayor. In addition, provision was made for the Springfield Plan Commission to contract for technical services with the Sangamon County Regional Plan Commission and other groups.

In the following years, the city and county plan commissions met jointly as what came to be known as the "Springfield - Sangamon County Regional Plan Commission." A director was hired and a separate office was set up out of which the plan commission operated. The plan commission was funded by various bodies, including Sangamon County, the city of Springfield, the Federal government, and various other local and State governmental bodies. The commission performed various services for these bodies and the various other agencies that contributed funds for its appropriation.

The appellate court, on the basis of the foregoing

evidence, determined that the Springfield - Sangamon County Regional Plan Commission was not an autonomous legal entity, but rather a joint operation of the two plan commissions. Consequently, the appellate court found that the stipulation entered into on behalf of Smith and the Springfield - Sangamon County Regional Plan Commission was binding on both the city and county, and, as employing units who employed the requisite number of employees at the time of the alleged discrimination, found them responsible, on the merits, for the discriminatory hiring practices of the plan commission.

We do not agree with the conclusion of the appellate court. We do not think that the stipulation, which purported to extend the 180-day period for several weeks, can be deemed to allow such a drastic extension of the time period as would allow essentially new parties to be brought into the case more than a year after the extension period had expired, and nearly 22 months after the initial charge had been filed. The purpose underlying the extension of the 180-day period by agreement of the parties is to increase the opportunity for settlement and conciliation and to ensure that rigid time constraints do not hinder the judicious resolution of disputes by the FEPC. However, that purpose is not promoted here, where throughout the entire period of investigation, conciliation, and attempted settlement, the city and county were not involved in the proceeding and were consequently deprived of the opportunity to benefit from the purpose for which the 180-day period, and extensions to the period, were designed. Throughout the entirety of this period, the focus of the investigation by the FEPC was upon the regional plan commission and not upon the city of Springfield or County of Sangamon. The technical legal affiliation between the regional plan commission and the city and county, or the fact that the city and county had notice of a charge under the Act without becoming parties thereto,

does not alter this overriding consideration.

These proceedings have taken too many changes in direction for this court now to gloss over the extreme time gaps by rationalizing that the Springfield - Sangamon County Regional Plan Commission is somehow an arm of both the city and the county so that the time limitation of the statute can be ignored. The statute then in force required that the charge of unfair employment practices be filed with the Commission within 120 days after the alleged violation. The petition to amend the complaint charging the city and county was not filed until August 26, 1969. The charge of unfair employment practices against the city and county was made after that date and alleged that the unfair practices occurred on May 20, 1968, 15 months before the amended complaint was filed. However, to preserve the appearance of statutory compliance, the charge against the city and county was interlineated in the original charge that had been timely filed against the Springfield - Sangamon County Regional Plan Commission. The city and county were added as respondents at that time only because it was apparent that the FEPC had no jurisdiction over the plan commission. The statute then applied only to employers of 50 or more persons. (Ill. Rev. Stat. 1967, ch. 48, par. 852(d).) In order to acquire jurisdiction it was necessary to charge an employer of the requisite number of persons. Therefore, although the focus up until that time had been on the plan commission as the employer, long after all limitations had expired, Smith and the FEPC changed positions and charged that the city and the county were the actual employers.

The statute required the Commission to continue an investigation after a charge had been filed and attempt to eliminate the effect and continuation of the alleged practice by means of conferences and conciliation. No such attempt was made following the filing of the charge against the city and county.

The statute also required that, within 180 days following the filing of the charge, the matter be dismissed or a formal complaint be filed against the respondents. Even assuming the extensions of time entered into on behalf of the regional plan commission were binding on the city and county, the time limitation of the statute was still not complied with. The last extension of time expired on March 31, 1969. The order of the FEPC directing that an amended complaint issue against the city and county was, as noted above, entered on October 7, 1969, and directed that the amended complaint issue against the city and county on October 13, 1969, both dates being more than 180 days after the filing of the original complaint, and even more than 180 days after the expiration of the extended time on March 31, 1969. Even then, although the order directed that the amended complaint issue on October 13, 1969, the amended complaint against the city and county actually was not filed until April 28, 1970.

We point out that *Moss-American, Inc. v. Illinois Fair Employment Practices Com.* (1974), 22 Ill. App. 3d 248, relied upon by the appellate court, is clearly inapposite. While not passing on the validity of the holding in *Moss,* we note that in that case a complaint which issued a few days outside the 180-day period was held not to deprive the FEPC of jurisdiction to hear an employment discrimination action. *Moss* involved the same employer throughout the entire period, and it cannot be said that it was substantially prejudiced by an extension of a few days. Here, not only is there a much longer lapse of time before a complaint issued to include the parties, but, more importantly, according to our reading of the record, neither the city nor the county played any part in the decision not to hire Smith. The executive director of the Springfield - Sangamon County Plan Commission, Bradley Taylor, who was instrumental in the decision to hire the

white man instead of Smith, was not on either the county or city payrolls. Employees of the commission were procured by the commission itself, and there is no evidence that Sangamon County, the mayor of Springfield, or the city council, had any influence over whom the commission would hire or that any of these parties were advised of the decision to refuse employment to Smith. Consequently, unlike the situation in *Moss*, where a short extension of the 180-day period promoted the remedial spirit of the Fair Employment Practices Act, it would be unfair to authorize the inclusion of new parties in the action after such an extended period of time and ultimately hold them responsible for a decision in which they took no active part.

Although an aggrieved individual who has suffered discrimination should not be deprived of the benefits of the Act because of administrative failures, we must also consider that those charged under the Act have the right to a determination of the validity of the charge within the time limitations of the statute. In the event of a finding against a respondent the impact of the administrative order may be severe. In this case, the order was entered March 29, 1973, almost 5 years after the alleged unfair employment practice. This period of time would have been substantially shortened and the amount of money the respondents would have been required to pay Smith as accrued salary and interest would have been considerably less if Smith and the FEPC had complied with the statute. The respondents have the right to expect that the impact of such administrative orders will be minimized by compliance with the statutory time limitations.

For the reasons stated above, the judgment of the appellate court is reversed insofar as it reversed the circuit court. The judgment of the circuit court of Sangamon County is affirmed. It is unnecessary to discuss the merits

of the case, and we make no finding in that regard.

*Appellate court affirmed in part*
*and reversed in part; circuit*
*court affirmed.*