THE VILLAGE OF VILLA PARK, Plaintiff-Appellant, *v.* PERRY F. STRICKLAND, Indiv. and d/b/a Park Lane Builders, *et al.*, Defendants-Appellees.

Second District   No. 75-344

Opinion filed May 26, 1978.

Ralph J. Gust, Jr., of Lombard, for appellant.

Paul T. Kalinich, of Kalinich, McCluskey & Mehling, of Glen Ellyn, for appellees.

Mr. JUSTICE GUILD delivered the opinion of the court:

This case is an appeal from the order of the trial court dismissing the quiet title proceedings brought by the village of Villa Park against the title holder of record. Title to the property originated in a tax deed and by a series of conveyances was conveyed to the present title holder.

The dispute is as to a portion of land designated as Evergreen Drive on a plat of subdivision in the village of Villa Park initially recorded in 1927. In the late 1940's a tax deed for the property designated "Evergreen Park" was issued by the county of Du Page. Partition proceedings and suit to quiet title were brought by the titleholders under the tax deed in 1952 and a decree of partition was entered by the circuit court giving title to the property to the respective titleholders (including title to that portion of Evergreen Drive south of Yale Avenue, being a parcel roughly 40 feet wide and 140 plus feet long, designated in the partition as Lot 39). The village of Villa Park was named a party in the 1952 proceedings and was advised of the partition commissioner's action in partitioning the property in question prior to the entry of judgment in 1952.

Title to that portion of land designated Evergreen Drive as adjacent to Evergreen Park as described above devolved to defendants in this case. Plaintiff municipality commenced proceedings to prevent construction on Lot 39 in 1974 and that action was dismissed by order of the circuit court. Subsequently Villa Park brought these quiet title proceedings, seeking to assert the claim that the "street" (Lot 39—that portion of Evergreen Drive adjacent to Evergreen Park and south of Yale Avenue) was in fact the property of the municipality. The circuit court granted defendant's motion to dismiss, concluding that the 1952 decree was *res judicata* as to the question of title and that the doctrines of estoppel and laches barred plaintiff municipality from asserting its title.

In seeking to assert its claim of title, Villa Park argues that there was a fatal noncompliance with the statutory provisions governing partition in that the property sought to be partitioned in the 1952 proceedings was not accurately described, that is, the description referred only to Evergreen Park and did not refer to that portion of Evergreen Drive adjacent to Evergreen Park, although the latter property was treated in the ultimate disposition. Plaintiff cites no authority for the proposition that this failure of description, under the circumstances of this case or otherwise, is such as would make the 1952 judgment of this case void in whole or in part. Plaintiff sets forth authority holding that a void judgment can be collaterally attacked. While we find no dispute with this authority we find it inappropriate upon the facts of this case because it is not here

established that the 1952 judgment is void in whole or in part. While it has been said that in order to maintain partition proceedings it is requisite that the plaintiffs have title to the property in question (*Hart v. Lake* (1916), 273 Ill. 60, 112 N.E. 286; *Storke v. Penn Mutual Life Insurance Co.* (1945), 390 Ill. 619, 61 N.E.2d 552), plaintiff-municipality's quiet title action would nonetheless be subject to the bar of laches and estoppel if such doctrines were applicable.

Defendants argue that the doctrine of laches has repeatedly been applied to the context of quiet title actions and should be applied (as it was by the trial court), to bar plaintiff-municipality's action in this case. In *Pyle v. Ferrell* (1958), 12 Ill. 2d 547, 147 N.E.2d 341, the doctrine of laches was held to bar a claim made by plaintiff seeking to quiet title that a tax deed to a separate mineral estate was void for want of compliance with statutory requirements for issuance. The deed holder had paid taxes for 18 consecutive years under color of title and plaintiff had made no effort during this period to inspect the land or available public records. A similar conclusion was reached by the Illinois Supreme Court in *Slatin's Properties, Inc. v. Hassler* (1972), 53 Ill. 2d 325, 291 N.E.2d 641. The court there held that payment of taxes by defendants for some 40 years should have put plaintiff (claimant in a quiet title action) on notice of defendants' adverse claims and that the failure to act during this period constituted laches barring the assertion of plaintiff's claim.

Turning to the facts of the present case, it is first evident that plaintiff-municipality was notified of the decree of partition entered in 1952. In the interim period of some 22 years before the first proceeding against defendants was commenced in 1974, defendants or their predecessors in title paid taxes on the property in question. No claim that title was in plaintiff-municipality was raised in the 1974 proceedings, which were concerned with compliance with zoning enactments of the village of Villa Park. It was established at the time of those proceedings, however, that defendants had expended considerable sums in improving the premises and defendants prevailed in the 1974 proceedings. The question of title was first raised by plaintiff-municipality in these proceedings, some 23 years after the initial decree of partition placed title to Lot 39 in defendants and their predecessors.

■■■ While the doctrines of laches and estoppel generally do not apply to public bodies, such principles were nonetheless applied to bar quiet title assertions where all governmental bodies (whose claim of title was being asserted) had disclaimed title for over 50 years. (*Hickey v. Illinois Central R.R. Co.* (1966), 35 Ill. 2d 427, 220 N.E.2d 415.) A similar result obtained in *Kovacevic v. City of Chicago* (1977), 47 Ill. App. 3d 674, 365 N.E.2d 104, where the doctrine of equitable estoppel was invoked to estop the city of Chicago from denying application for a building permit.

We conclude, as did the trial court, upon the extraordinary facts present in this case that plaintiff-municipality's cause of action is barred by the doctrines of laches and estoppel.

The judgment of the trial court is therefore affirmed.

Affirmed.

SEIDENFELD, P. J., and RECHENMACHER, J., concur.