ELWOOD SMITH, Plaintiff-Appellant, *v.* THE CITY OF SPRINGFIELD *et al.*, Defendants-Appellees.

Fourth District   No. 15765

Opinion filed May 13, 1980.

Dan Walker Law Offices, of Fairview Heights, for appellant.

Walter F. Farrand, Assistant State's Attorney, and Robert M. Rogers, Assistant Corporation Counsel, both of Springfield, for appellees.

Mr. JUSTICE WEBBER delivered the opinion of the court:

This appeal lies from further proceedings growing out of plaintiff's charge of an unfair employment practice which arose originally in 1968. The facts are set forth at length in a prior opinion of this court, *Springfield-Sangamon County Regional Plan Com. v. Fair Employment Practices Com.* (1976), 45 Ill. App. 3d 116, 359 N.E.2d 174, and in the opinion of the supreme court, *Springfield-Sangamon County Regional Plan Com. v. Fair Employment Practices Com.* (1978), 71 Ill. 2d 61, 373 N.E.2d 1307. They will be repeated only briefly for the purposes of clarity.

In 1968, Smith filed a charge of an unfair employment practice with the Illinois Fair Employment Practices Commission (FEPC). The FEPC found in his favor, but on administrative review such finding was reversed by the circuit court of Sangamon County. That decision was reversed by this court, and this court's decision was in turn reversed by the supreme court. The ultimate finding of the circuit court, as affirmed by the supreme court, was that the FEPC had lost jurisdiction because its complaint was not issued within 180 days following the charge being lodged with it.

In an apparent reaction to the supreme court's decision the legislature amended the Fair Employment Practices Act (FEPA) (Ill. Rev. Stat. 1977, ch. 48, par. 851 *et seq.*) by adding section 8.01a to it which reads as follows:

"§8.01a. In the case of any charge of an unfair employment practice which has been properly filed with the Commission prior to March 30, 1978, which has not been settled or adjusted by conference and conciliation under Section 8, and which within 180 days thereafter has not been the subject of a complaint issued by the Commission or an order that no complaint be issued, the person filing the charge may seek appropriate injunctive or other relief by filing an action in the circuit court of the county where the alleged unfair employment practice occurred, and if the person prevails in such action the court may award such person costs and reasonable attorneys' fees. The Commission shall notify all such persons by registered mail of their right to seek such relief and any such action must be initiated in the circuit court within 2 years of the receipt of such notice, notwithstanding any other statute of limitations imposed on such actions." Ill. Rev. Stat., 1978 Supp., ch. 48, par. 858.01a.

The amendment was effective September 16, 1978, and on January 5, 1979, Smith filed suit in the circuit court of Sangamon County pursuant to the amendment, and asked for back pay to May 20, 1968, together with interest and attorney's fees. By order entered August 16, 1979, the circuit court dismissed the complaint on the motion of the defendants, holding that plaintiff's charge was not properly filed with the FEPC prior to March 30, 1978, as required by the statute. The circuit court made the necessary finding under Supreme Court Rule 304(a)(73 Ill. 2d R. 304(a)), and this appeal followed.

The parties are in agreement that the amendment was passed to aid persons like the plaintiff who had become victims of an administrative backlog in the FEPC. It is suggested in the briefs by way of quotation from the legislative debates that more than 3,000 cases were awaiting disposition in the FEPC at the time of the supreme court's decision.

The parties are in further agreement that the construction of the words "properly filed" in the amendment will be dispositive of the instant case. The defendants have raised questions concerning the constitutionality of the amendment, but in the view which we take of this matter, we need not reach the constitutional issue.

There is no question but that plaintiff filed his charge with the FEPC within 120 days of the alleged unfair practice as required by section 8 of the FEPA (Ill. Rev. Stat. 1967, ch. 48, par. 858). The alleged discrimination occurred on May 20, 1968, and the charge was filed on June 12, 1968. However, the present defendants, the City of Springfield and the County of Sangamon, were not made parties respondent until October 7, 1969, almost 16 months later. It is this latter fact that prevents plaintiff's charge from being "properly" filed.

■■ At the risk of stating the obvious, we believe that a "charge" must be based on two elements: (1) A statement of fact which is encompassed by one or more of the unfair practices delineated in section 3 of the FEPA (Ill. Rev. Stat. 1967, ch. 48, par. 853), and (2) an accusation against someone, or some organization, which has allegedly committed the unfair practice. In other words, there must be a *res* and a *persona*.

The very form which was used by the plaintiff in this case and which was furnished by the FEPC reads in part as follows:

"I, ——————————————————————
(Complainant)

* * * charge on my own behalf to have been personally aggrieved by an unfair employment practice committed by ——————
——————————————————  * * *
(Respondent)

The facts of the alleged unfair employment practice are:"

The chronology of events must be reviewed briefly. As stated above, the original charge was filed June 12, 1968, and named "City of Springfield Plan Commission, Nelson Howarth, Mayor, Eugene Estes, Chairman, Bradley Taylor, Exec. Director" as respondent. An amended charge was filed September 6, 1968. It reiterates exactly the original charge but is directed against "Springfield-Sangamon County Regional Planning Commission, Eugene Estes, Chairman, Bradley Taylor, Exec. Dir., City of Springfield Plan Commission." On March 26, 1969, the FEPC issued a complaint directed at the respondents named in the original and amended charges. On August 22, 1969, plaintiff petitioned the FEPC to amend its complaint to include the present defendants, City of Springfield and County of Sangamon, as additional respondents. This was allowed by the FEPC on October 7, 1969, but the amended complaint was not issued until April 28, 1970. As part of the amendment the original charge of June 12, 1968, was amended by interlineation to include the City of Springfield and the County of Sangamon as respondents thereto.

It should be noted that under the FEPA a "charge" is filed with the FEPC by the aggrieved employee; a "complaint" is issued by the FEPC against the employer. Under the law in effect at the time, the charge was required to be filed within 120 days of the alleged unfair practice and the complaint was required to be issued within 180 days of the filing of the charge, or within any extension agreed to by the parties. The Springfield-Sangamon County Regional Planning Commission did enter into such an extension.

■ The question then presented is: Does the permissive amendment of the complaint *ipso facto* amend the charge? We think not. The *res* remained the same but the *personae* were drastically altered. Therefore, the charge was not "properly filed" against the present defendants.

The contentions of the parties to this appeal are grounded in their separate interpretations of the supreme court's opinion in the prior litigation. *Springfield-Sangamon County Regional Plan Com. v. Fair Employment Practices Com.* (1978), 71 Ill. 2d 61, 373 N.E.2d 1307.

The plaintiff's principal contention is that the supreme court concerned itself only with the 180-day limitation on the issuance of a complaint, and did not touch on the question of the proper filing of the charge; therefore, plaintiff argues, the supreme court held *sub silentio* that the charge was properly filed. Plaintiff bolsters his argument by contending that the circuit court held that the FEPC had lost jurisdiction and this holding was affirmed by the supreme court. Therefore, he says, even though jurisdiction was lost afterwards, it was conclusively acquired originally by the charge being properly filed. We do not read the supreme court's opinion so narrowly.

We find several indications in the opinion which lead us to the conclusion that the supreme court felt that in addition to the deficiency regarding the 180-day period, there was a like deficiency regarding the 120-day period for filing charges. Some of these are:

"The statute then in force required that the charge of unfair employment practices be filed with the Commission within 120 days after the alleged violation. The petition to amend the complaint charging the city and county was not filed until August 26, 1969. The charge of unfair unemployment practices against the city and county was made after that date and alleged that the unfair practices occurred on May 20, 1968, 15 months before the amended complaint was filed." 71 Ill. 2d 61, 71, 373 N.E.2d 1307, 1311.

"[I]t would be unfair to authorize the inclusion of new parties in the action after such an extended period of time and ultimately hold them responsible for a decision in which they took no active part." 71 Ill. 2d 61, 73, 373 N.E.2d 1307, 1312.

"This period of time would have been substantially shortened and the amount of money the respondents would have been required to pay Smith as accrued salary and interest would have been considerably less if Smith and the FEPC had complied with the statute. The respondents have the right to expect that the impact of such administrative orders will be minimized by compliance with the statutory time limitations." 71 Ill. 2d 61, 73, 373 N.E.2d 1307, 1312.

We note particularly in the last quotation that the supreme court refers to both Smith and the FEPC, so it must have been speaking of both the charge and the complaint. This approach is reinforced when the supreme court in the next sentence refers to statutory time limitations, casting the latter in the plural.

Earlier in its opinion, the supreme court used the same language in referring to both Smith and the FEPC and to time limitations in the plural:

"Therefore, although the focus up until that time had been on the plan commission as the employer, long after all limitations had expired, Smith and the FEPC changed positions and charged that the city and the county were the actual employers." 71 Ill. 2d 61, 71, 373 N.E.2d 1307, 1311.

We are left with no doubt that in its judgment, the supreme court was referring to both the 180-day limitation on issuing a complaint as well as the 120-day limitation for filing a charge.

Plaintiff's argument that by taking and deciding the case, the supreme court held that there was jurisdiction over the city and county is purely circular. There can be no doubt that the FEPC acquired jurisdiction over the Regional Planning Commission, but there can equally be no doubt

that the supreme court held that there was no jurisdiction over the city and the county.

Other arguments advanced by the plaintiff may be dealt with briefly. He says that whatever happened was the fault of the FEPC and he should not be penalized therefor. This overlooks his lapse in not naming the proper respondents in the first instance. Plaintiff also argues that a charge can be drastically amended and still be properly filed. With this we have no quarrel, but such is not the case before us. If the amendments be made prior to the expiration of statutory time limitations or even afterwards by agreement, they will be valid, but the proper respondent must be named initially in order to impart that validity.

We hold that plaintiff's charge was not properly filed within the meaning of the statute. Since we so hold, we need not address the constitutional arguments advanced by the defendants.

The decision of the circuit court of Sangamon County was correct and it is affirmed.

Affirmed.

TRAPP, J., concurs.


Mr. JUSTICE CRAVEN, dissenting:

In *Springfield-Sangamon County Regional Plan Com. v. Fair Employment Practices Commission* (1978), 71 Ill. 2d 61, 373 N.E.2d 1307, Mr. Justice Ryan, writing for a unanimous supreme court, quite clearly held that the failure of the FEPC to duly file a complaint, *i.e.*, within 180 days following the filing of a charge of discrimination by the plaintiff, deprived the FEPC of jurisdiction and deprived the plaintiff of a remedy as then provided in the Fair Employment Practices Act.

The majority opinion of this court now holds that the plaintiff's charge of discrimination was not originally timely filed and thus the FEPC never had jurisdiction. That position is untenable and flies in the face of the express holding of the supreme court. If the FEPC never had jurisdiction, then it could not file a complaint within or beyond the then 180-day statutory time for such complaint. The majority opinion thus reduces the supreme court's explicit holding and its specific language to mere surplusage. For instance, there could be no "administrative failure" if the FEPC never acquired jurisdiction for want of a timely filed charge. Yet the supreme court clearly held that there was an administrative failure to act within any reasonable time limitation.

It is clear that the supreme court in its opinion held that the FEPC's failure to perform its duty in a timely manner deprived an aggrieved individual of a remedy. The legislature clearly agreed with the language

of Mr. Justice Ryan that "an aggrieved individual who has suffered discrimination should not be deprived of the benefits of the Act because of administrative failures" (71 Ill. 2d 61, 73, 373 N.E.2d 1307, 1312) and by the amendment now before us, created a remedy for those aggrieved parties who were deprived of a remedy because of the FEPC's tardiness.

The legislature determined quite clearly that it was preferable to provide a remedy even though in so doing there may be burdens imposed upon governmental entities by reason of the delay, a matter that was alluded to in the supreme court opinion. It is improper for this court to now ignore the amendment and hold that there was never a timely charge of discrimination and to further conclude that the supreme court opinion was merely academic. That court would have held that there was no case if there was no timely charge. It did not so hold and we should not now. Plaintiff is within the class sought to be benefitted by the amendment.