MARY LOUISE, Plaintiff-Appellant, *v.* THE DEPARTMENT OF LABOR *et al.*,
Defendants-Appellees.

First District (3rd Division)    No. 79-1949

Opinion filed November 12, 1980.

Edward N. Surges and Thomas Grippando, both of Cook County Legal Assistance Foundation, Inc., of Maywood, for appellant.

William J. Scott, Attorney General, of Chicago (Richard J. Puchalski, Assistant Attorney General, of counsel), for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Mary Louise, appeals from the trial court's dismissal of her action which was brought under the Administrative Review Act. (Ill. Rev. Stat. 1977, ch. 110, par. 264 *et seq.*) A determination by a claims adjudicator that plaintiff was ineligible for benefits under the Unemployment Insurance Act was mailed to plaintiff on June 30, 1978. Plaintiff filed a written appeal on July 12, 1978. After a hearing at which plaintiff was represented by a paralegal, a referee of the Unemployment Compensation Bureau of the Department of Labor dismissed plaintiff's appeal for lack of jurisdiction. The referee held that the appeal was untimely since it had not been filed within the 9 days after the mailing of the claims adjudicator's decision as required by the Act. (Ill. Rev. Stat. 1977, ch. 48, par. 470 (amended 1979).) The Board of Review of the Department of Labor upheld the referee's action, and the trial court dismissed the present suit on the jurisdictional grounds.

At the referee's hearing, the admissible evidence was undisputed. On July 6, 1978, plaintiff, accompanied by a Ms. Sardo, went to the unemployment office of the Department to file her appeal of the adjudicator's decision. A Mr. Williams, a Department employee who had assisted plaintiff in earlier visits to the office, refused to allow plaintiff to file the appeal. Williams told plaintiff that the office was in the process of being moved and that her files could not be located, and he would not accept her appeal. Plaintiff asked if she could return the following Wednesday (July 12) to file the appeal, and Williams assured her that she could.

The referee stated that he had telephoned Williams about plaintiff's visit of July 6, and Williams told the referee that he had instructed plaintiff to return on the following Monday, July 10. The paralegal testified that she had also spoken to Williams, and Williams said that he never instructed plaintiff to return at a later date. Williams was not called as a witness.

Plaintiff contends on appeal that the circumstances mandate a relaxation of the time limitation for filing an appeal; that plaintiff's act of orally requesting an appeal constituted the filing of an appeal or in the alternative that the department is estopped from denying that her appeal

was timely filed; and that her due process rights were violated by the referee's *ex parte* conversation with Williams and by the introduction of hearsay evidence.

■■ We shall consider initially and briefly plaintiff's contention that her due process rights were violated. The record discloses that the referee did conduct an improper *ex parte* investigation of Williams' conduct. The referee also allowed hearsay testimony as to Williams' explanation of that conduct. It seems evident, however, that the referee could not have placed much credence in Williams' contradictory statements about his conversation with plaintiff. Consequently, we do not believe that the referee relied on the *ex parte* investigation or on the hearsay testimony as a basis for the findings against plaintiff. Accordingly, we reject the argument that plaintiff's due process rights were violated. See *Des Plaines Currency Exchange, Inc. v. Knight* (1963), 29 Ill. 2d 244, 194 N.E.2d 89.

We are mindful that our role is limited to ascertaining whether the administrative order is supported by the manifest weight of the evidence. With that function in mind, we turn to a consideration of defendants' assertion that the present decision is supported by the manifest weight of the evidence because the time limitations for filing the appeal under the Act are mandatory, "thus jurisdictional and absolute." Plaintiff maintains that the evidence presents a basis for estoppel and that, therefore, the decision finding an absense of jurisdiction was erroneous.

■■ Under the Unemployment Insurance Act, the legislature provided a definite period of time during which an unemployment compensation claimant must seek intra-agency review; the 9-day filing period is therefore mandatory. (*Huggins v. Board of Review* (1973), 10 Ill. App. 3d 140, 294 N.E.2d 32.) Failure to file within the prescribed time period clearly operates as a bar to review of an agency decision. *Gutierrez v. Board of Review* (1975), 35 Ill. App. 3d 186, 341 N.E.2d 115; *Huggins v. Board of Review.*

■■ Our supreme court has repeatedly held, however, that mandatory time limitations are not jurisdictional in the sense of subject matter jurisdiction, and therefore, such limitations may be subject to estoppel and waiver. (*Springfield-Sangamon County Regional Plan Com. v. Fair Employment Practices Com.* (1978), 71 Ill. 2d 61, 373 N.E.2d 1307; *Molex, Inc. v. Industrial Com.* (1975), 62 Ill. 2d 46, 338 N.E.2d 390; *Pantle v. Industrial Com.* (1975), 61 Ill. 2d 365, 335 N.E.2d 491. *Cf. Zimmerman Brush Co. v. Illinois Fair Employment Practices Com.* (1980), 82 Ill. 2d 99.) These decisions characterize compliance with mandatory time limitations as being necessary to acquire a type of jurisdiction over the particular case. An appellee is thereby protected from liability by an appellant's noncompliance with these mandatory requirements. Hence, in recognizing that such limitations are subject to estoppel and waiver,

the court has merely applied the fundamental maxim that a party may by his conduct waive certain protections afforded by statute.

We turn now to a consideration of the precise nature of the statutory limitations under section 800 of the Unemployment Insurance Act (Ill. Rev. Stat. 1977, ch. 48, par. 470 (amended 1979)), and the susceptibility of those limitations to estoppel and waiver. Section 800 provides in pertinent part:

> "Unless the claimant or any other party * * * within nine days after such notification was mailed to his last known address, files an appeal therefrom, such 'finding' or 'determination' *shall be final as to all parties given notice thereof.*" (Emphasis added.)

At the outset, we note that defendants' reliance on *Huggins v. Board of Review* and its progeny is misplaced. *Huggins* is not dispositive of the precise issues in this case. No issue of estoppel or waiver was before that court and the court, therefore, did not pass on the question whether these mandatory time limitations are jurisdictional in the sense of subject matter jurisdiction. At issue in *Huggins* was whether a plaintiff's purported late receipt of the agency's decision constituted "good cause" for delay in filing. After characterizing the time limitations as "mandatory," the court did state that the provisions were "thus jurisdictional." Despite having used that term, the court proceeded nevertheless to evaluate plaintiff's evidence as to "good cause" for delay. Had the court meant "jurisdictional" in a strict subject matter sense, it would not have proceeded to examine plaintiff's purported good cause reasons for delay in filing; no degree of good cause could have conferred subject matter jurisdiction. Nor do we find it significant that the Act does not expressly provide for a late filing of a notice of appeal. (But *cf. Huggins v. Board of Review*.) Our supreme court has repeatedly held that mandatory time limitations which similarly do not expressly provide for late filings nevertheless may be subject to concepts of waiver. *Springfield-Sangamon County Regional Plan Com. v. Fair Employment Practices Com.* (1978), 71 Ill. 2d 61, 373 N.E.2d 1307; *Railway Express Agency v. Industrial Com.* (1953), 415 Ill. 294, 114 N.E.2d 353; *Murphy v. Industrial Com.* (1951), 408 Ill. 612, 97 N.E.2d 843.

While the thrust of the Act is to benefit the employee (*Grant Contracting Co. v. Murphy* (1944), 387 Ill. 137, 56 N.E.2d 313), the mandatory time limitations in section 800 clearly serve the purpose of protecting the employer from liability and the Department from repeated consideration of that liability after a certain lapse of time. The provisions are therefore comparable to a statute of limitations. In sharp contrast to a provision such as section 800 is a provision which has the purpose of conferring subject matter jurisdiction on a court. This latter type of statute does not seek to protect any person but instead focuses on the authority of a court

to hear an entire "class of cases to which [that particular] case belongs." (*Pocahontas Mining Co. v. Industrial Com.* (1922), 301 Ill. 462, 474, 134 N.E. 160; *People ex rel. Petersen v. Turner Co.* (1976), 37 Ill. App. 3d 450, 346 N.E.2d 102.) From these differences in statutory purpose emanates the principle that while parties by their conduct may waive or be estopped from invoking the protections afforded them, they may not by their conduct affect the subject matter jurisdiction of a court.

The Act clearly grants defendants the authority to hear the class of cases to which plaintiff's matter belongs; the department therefore had subject matter jurisdiction over plaintiff's cause. Nevertheless, because of the protection afforded defendants by the mandatory time limitations of the Act, review of plaintiff's claim may be barred unless defendants by their conduct have waived or must be estopped from invoking such protection.

Our conclusion that the mandatory time limitations are subject to estoppel is further buttressed by the express language of section 800, which provides that unless the appeal is filed within 9 days the decision becomes "final." In *Pocahontas Mining Co.*, our supreme court construed nearly identical language and concluded that the mandatory time limitation was not jurisdictional in the subject matter sense, and was subject to waiver.

We turn now to consideration of whether estoppel may be invoked against defendants under the facts of the present case. Plaintiff has presented all her evidence in favor of estoppel before the referee; we must therefore construe the referee's general finding against plaintiff, as including specific findings against her as well on the issue of estoppel. *Pantle v. Industrial Com.* (1975), 61 Ill. 2d 365, 335 N.E.2d 491.

The law disfavors estoppel against governmental entities. The sound rationale for prohibiting estoppel against governmental bodies in the usual case is to protect the entity for the public interest from impairment of its governmental functions. (*Hickey v. Illinois Central R.R. Co.* (1966), 35 Ill. 2d 427, 220 N.E.2d 415, *cert. denied* (1967), 386 U.S. 934, 17 L. Ed. 2d 806, 87 S. Ct. 957.) Our supreme court has stated however, that this governmental immunity is qualified and that estoppel may be invoked against a governmental body in certain instances. In *Hickey*, the court stated at pages 448-49:

> "The rule in this State, as repeatedly announced by this court, is stated in *City of Quincy v. Sturhahn*, 18 Ill. 2d 604, 614; '* * * there must have been some positive acts by the officials which may have induced the action of the adverse party under circumstances where it would be inequitable to permit the corporation to stultify itself by retracting what its officers had previously done.' "

The court proceeded to characterize the question as one involving a

weighing of the State interest on the one hand against the inequity to the party invoking estoppel on the other: "[A]nd the question to be answered is whether the reasons underlying the reluctance to extend doctrines of estoppel and *laches* to governmental bodies outweigh the mischief which may result from recognizing a right in the State officially disclaimed for half a century." 35 Ill. 2d 427, 449.

We have utilized this balancing process since *Hickey* and have in many instances applied estoppel against governmental bodies. *Village of Villa Park v. Strickland* (1978), 60 Ill. App. 3d 406, 376 N.E.2d 1047; *Kovacevic v. City of Chicago* (1977), 47 Ill. App. 3d 674, 365 N.E.2d 104; *First National Bank v. Pollution Control Board* (1976), 37 Ill. App. 3d 383, 346 N.E.2d 181; *Bederman v. Pollution Control Board* (1974), 22 Ill. App. 3d 31, 316 N.E.2d 785; *Watchta v. Pollution Control Board* (1972), 8 Ill. App. 3d 436, 289 N.E.2d 484.

■■ We hold that the governmental policies behind any requirement that an appeal be filed within 9 days after notification of the Department decision are outweighed by the inequities which may result if the limitation is asserted against the present plaintiff. The uncontradicted evidence discloses that plaintiff stood ready on July 6, 1978, to file a timely appeal but that she was precluded from doing so by the affirmative acts of defendants' employee. Plaintiff returned on July 12, two days past the appeal period, in reliance on the statements made by the same employee who initially prevented her from filing her appeal in writing. Her reliance on defendants' assurances that she could return on July 12 became even more justifiable in light of the circumstances of this case. Plaintiff did not placidly rely on misinformation. She received a notice which specified both that she could file an appeal in person and that she could do so within 9 days. Attempting to comply, she went to defendants' office but, contrary to the terms of her notice, was instructed that she could not file in person that day. Plaintiff was therefore confronted by defendants' employee who, it appeared, had the authority to change the first term of her printed notice—the right to file in person on a given day. Having thus reduced the credibility and authority of the notice, Williams proceeded to further alter the terms of the document by telling plaintiff she could return on July 12. Plaintiff, having been compelled to submit to Williams' apparent authority as to filing in person that day, justifiably submitted to his apparent authority to permit her to file on a later day. Defendants suggest, however, that there are contradictions contained in plaintiff's testimony as to what occurred on July 6. Reading plaintiff's testimony as a whole, there is no ambiguity or contradiction. When asked specifically what Williams initially told her, plaintiff responded that she was told that she could have more time. When asked what happened next, plaintiff testified that she asked Williams if she could come back on Wednesday

416

(July 12) and he assured her she could. Defendants are by their conduct estopped from asserting the protections afforded by the time limitations for filing under the statute.

For the foregoing reasons, the judgment of the circuit court of Cook County dismissing plaintiff's complaint is reversed, and the cause is remanded to the Department of Labor for a hearing on the merits of plaintiff's claim under the Unemployment Insurance Act.

Reversed and remanded.

McGILLICUDDY, P. J., and RIZZI, J., concur.