(No. 77-CC-0677—)

ELVIS ROWLAND, SR., Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed December 3, 1980.*

*Order on denial of rehearing filed March 26, 1981.*

*Order on denial of motion for reconsideration filed June 29, 1981.*

RICHARD F. MCPARTLIN, for Claimant.

HOLDERMAN, J.

This matter comes before the Court upon the second motion to dismiss filed by Respondent and objection to said motion filed by Claimant.

This case has been pending for several years and there have been a multitude of motions filed by both parties and several new issues presented to the Court for the first time.

Claimant filed a claim against the State of Illinois seeking to collect an award entered by the Illinois Fair Employment Practices Commission (F.E.P.C.). This award was for monetary damages awarded to Claimant and he seeks not only to recover the monetary damages but also the interest on said award.

The claim before the F.E.P.C. was filed 194 days after the incident arose on which this claim is based.

The Respondent's motion to dismiss sets forth the following reasons for dismissal:

"1. That respondent brings this motion pursuant to Ill. Rev. Stat., 1977, ch. 110, sec. 45(2) because the complaint is substantially insufficient in law.

2. That respondent also brings this motion pursuant to Ill. Rev. Stat., 1977, ch. 37, sec. 430.24—5, providing that a claimant must exhaust *all other* remedies *before* seeking a final determination of his claim in this court.

3. That respondent also brings this motion pursuant to Ill. Rev. Stat., 1977, ch. 37, sec. 439.8 which provides that the Court of Claims 'shall have exclusive jurisdiction' of any claim against the State based upon any law of the State of Illinois.

4. That the complaint (Paragraph 5, No. '4.') shows that the F.E.P.C. purported to enter a monetary award in favor of claimant in violation of Ill. Rev. Stat., 1977, ch. 37, sec. 439.8.

5. That the complaint (Paragraph 5, No. '4') shows that the F.E.P.C. purported to enter a monetary award

against the State of Illinois contrary to and in violation of the statute creating the F.E.P.C. (Ill. Rev. Stat., 1977, ch. 48, secs. 851, et seq.)"

Claimant filed his objection to said motion to dismiss and sought to have the same stricken or dismissed.

The first question is whether or not the Court of Claims has the jurisdiction of this cause and whether or not the motion to dismiss, which was filed some four and one-half years after the initial proceedings were started, was too late. The Courts of Illinois have held that a motion questioning the jurisdiction of the Court may be raised at any time. See *Talandis Construction Corp. v. Illinois Building Authority*, 60 Ill. App. 3d 718.

The general rule in Illinois seems to be that this question can be raised at any time and that every act of the Court beyond its jurisdiction is void.

It seems well established, therefore, that Respondent could raise its motion to dismiss at any time. It is interesting to note in the *Talandis* case above cited that the question of jurisdiction was raised some five years after the start of the litigation, which is even longer than in the present case.

The Respondent dwells at some length upon the statute establishing the time a suit should be started. The pertinent part of the statute in question is Ill. Rev. Stat. 1977, ch. 48, par. 958.01, which states:

"Whenever such a charge of an unfair employment practice has been properly filed, the Commission, within 180 days thereof or within any extension of that 180 day period agreed to in writing by all parties and approved by a member of the Commission shall either issue and serve a complaint in the manner and form set forth in this Section or shall order that no complaint be issued. Any such order shall be duly served upon both the complainant and respondent."

Respondent takes the position that this is a mandatory

condition and must be complied with and therefore the filing of the complaint some 14 days after the 180-day filing period is too late and that the matter should be dismissed.

Claimant takes the position that this time limitation is not mandatory and is discretionary, that it can be waived by the acts of the parties and that is has been waived in this instance by the long delay in the filing of the motion to dismiss.

Neither Claimant nor Respondent has been able to find a case directly in point.

Chief Justice Goldenhersh of the Illinois Supreme Court, in the case of *The Board of Governors of State Colleges and Universities for Chicago State University v. Illinois Fair Employment Practices Commission* (1979), 78 Ill. 2d 143, in commenting on this section of the statute, stated as follows:

"From our examination of the statute we conclude that the legislative intent was that the complaint be filed within 180 days of the charge and that absent an extension of the 180-day period agreed to in writing by all parties, and approved by a member of the FEPC, the filing of the complaint subsequent to the expiration of that time was unauthorized. We need not consider the question whether conduct other than an agreement in writing may be sufficient to extend the period, since the record presents no such question and, in each instance, the motions to dismiss filed with the FEPC show clearly that the limitation was not waived."

Justice Ryan of the Illinois Supreme Court, in the case of *Springfield-Sangamon County Regional Plan Comm. v. Fair Employment Practices Commission*, 71 Ill. 2d 61, 68, in passing upon this particular section, stated that "the 180-day period prescribed in the statute was intended to ensure expeditious action on behalf of the FEPC, and must be considered mandatory."

Cases have been cited to the effect that subject matter jurisdiction cannot be conferred upon a court by

consent of the parties or by their acquiescence, citing *Michelson v. Industrial Commission*, 375 Ill. 462, 469-470, 31 N.E.2d (940), and other Illinois cases.

The Court notes that when this statute was passed, the legislature expressly provided how the time could be extended and was limited to an agreement, in writing, and signed by all parties. In the present case, there was not any such agreement in writing and it appears therefore that the statute telling the only way an extension could be granted was not complied with.

The next material question, in the opinion of the Court, is whether or not the F.E.P.C. has the right to make a monetary judgment or award against the State of Illinois.

The rule is well established in the State of Illinois that certain cases, with the express statutory exception of awards arising under the Illinois Workmen's Compensation Act, are limited to the Court of Claims. In the *Talandis* case heretofore cited, the Court held that the Illinois Court of Claims has exclusive jurisdiction to hear and determine certain enumerating matters, including all claims in tort and contracts against the State of Illinois, the only exception which the Court is aware of being the Illinois Workmen's Compensation Act where it expressly provides that all employees of the State are entitled to the benefits of the Workmen's Compensation Act. Consequently, the only place those rights can be asserted is in the Illinois Industrial Commission.

Claimant, in its brief, cites the case of *A. P. Green Services v. F.E.P.C.* 312 N.E.2d 314, where an award was made by the F.E.P.C. for monetary damages. The Court distinguishes that case from the present case because *A. P. Green* was a private corporation and not the State of Illinois.

Among other objections raised by the Respondent is the fact that there had not been any money appropriated by the legislature for the express purpose of paying the amount of the award in question and, as a matter of fact, the legislature had cut the appropriation so that not any money was available for the payment of the award.

The Court is of the opinion that the filing of this claim 14 days after the 180 day statutory period and without any extension agreed to in writing by the parties was late and is further of the opinion that the F.E.P.C. does not have the statutory authority to render a monetary award against the State of Illinois.

In view of the fact that the Court is of the opinion that this case should be dismissed because of failure to comply with the 180 day filing period and the F.E.P.C. not having the power to make a monetary award, it is not necessary for the Court at this time to pass upon the other objections raised by Respondent.

Motion to dismiss is hereby granted and this cause is dismissed.

## ORDER ON DENIAL OF REHEARING

HOLDERMAN, J.

This matter comes before the Court upon petition of Claimant for rehearing of an order dismissing said cause.

The claim in this cause was filed 194 days after the incident arose out of which this claim is based.

The Court, in its order dismissing this cause, held that the claim should have been filed within 180 days as provided by statute and that the F.E.P.C. did not have the power to render a monetary award against the State of Illinois.

Claimant, in its filing of March 2, 1981, relies upon the case of *Louise v. Illinois Dept. of Labor*, 90 Ill. App. 3d 410. In that case, the Appellate Court held that mandatory time limitations are not jurisdictional in the sense of subject matter jurisdiction and are therefore subject to estoppel and waiver. In that particular case, it appears that the Claimant went to the Department of Labor for the purpose of filing a timely appeal and was informed that she could have more time and file her appeal two days after the deadline. She was further informed that the office was in the process of being moved and her files could not be located. The Court held that parties by their conduct may waive or be estopped from invoking the protections afforded them and that, in the present case, where the Claimant had sought to file her appeal within the required time fixed by statute, and was prevented from so doing by the acts of Respondent, Respondent is estopped from setting up the time limit as a defense.

The *Louise* case is vastly different from the case at bar as there was no showing on the part of Claimant to file his claim within the time prescribed by statute.

Motion for rehearing is denied and this cause is dismissed.

## ORDER ON DENIAL OF MOTION FOR RECONSIDERATION

HOLDERMAN, J.

This matter comes before the Court upon motion of Claimant to reconsider and vacate order of March 28, 1981 denying petition for rehearing and dismissing cause.

The complaint in this cause was filed 194 days after the incident arose out of which this claim was based. The Court, in its original order dismissing this cause, stated that the claim should have been filed within 180 days as

provided by statute and the F.E.P.C. did not have the power to render a monetary award against the State of Illinois.

Claimant relies upon the case of *Louise v. Illinois Dept. of Labor*, 90 Ill. App. 3d 410. In that case, the Appellate Court held that mandatory time limitations are not jurisdictional in the sense of subject matter jurisdiction and are therefore subject to estoppel and waiver. In the *Louise* case, Claimant went to the Department of Labor for the purpose of filing a timely appeal and was informed she could have more time and file her appeal two days after the deadline. She was further informed that the office was in the process of being moved and her files had been lost. The Court held that the parties by their acts may waive or be estopped from invoking the protections afforded them and that where the Claimant had sought to file her appeal within the required time fixed by statute, and was prevented from doing so by the acts of Respondent, Respondent is estopped from setting up the time limit as a defense.

The *Louise* case is entirely different from the case at bar as there were no affirmative acts of misleading conduct on the part of the Respondent such as existed in the *Louise* case. In that case, the affirmative acts on the part of Respondent in misleading Claimant were the actual cause of her claim not being filed on time. There were no such acts or actions on the part of Respondent in the present case.

It is hereby ordered:

That Claimant's motion to reconsider and vacate order of March 28, 1981 denying petition for rehearing and dismissing cause is denied, and this cause is dismissed.