(No. 43840.–

MILLER-PATTON BAKING CO., *et al.*, Appellants, v. THE INDUSTRIAL COMMISSION *et al.*—(LEO BATTAGLIA, Appellee.)

*Opinion filed October 4, 1971.*

GOLDENHERSH, J., took no part.

KNIGHT & KNIGHT, of Rockford, (WILLIAM D. KNIGHT, JR., of counsel,) for appellant.

ASHER, GREENFIELD, GUBBINS and SEGALL, of Chicago, and CANNARIATO, NICOLOSI and PIGATTI, of Rockford, (JOHN J. McNICHOLS, and RICHARD O. GREENFIELD, of counsel,) for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Winnebago County confirming the Industrial Commission's affirmation of an arbitrator's award of compensation. The arbitrator awarded compensation to the employee for permanent and complete loss of use of the left leg to the extent of 33 1/3% thereof because of injuries sustained.

The employer contends that the award was contrary to the manifest weight of the evidence inasmuch as an ankle or foot case is involved herein as contrasted to a leg case.

On September 7, 1965, Leo Battaglia was employed by Miller-Patton Baking Co. as a bakery truck driver-salesman. On that date while making a delivery for his employer he suffered an injury to his left leg as he stepped out of his delivery truck. About a year earlier while working for the same employer, on September 21, 1964, he sustained an injury to the same leg. An application for adjustment of claim was filed with the Industrial Commission for each injury. The arbitrator dismissed the application which was filed for the 1964 injury for the reason that the application was not filed within the time required by the Workmen's Compensation Act. (Ill.Rev.Stat. 1967, ch. 48, par. 138.6.) We are concerned only with the 1965 injury in this case.

The employee testified that on September 7, 1965, he was employed by Miller-Patton and had worked for this employer for seventeen years. He stated that on that date he was making a delivery to a grocery store and as he stepped out of his truck his "leg gave in, automatically turning my ankle and tearing the ligaments" in his left leg. He was taken to a clinic where X rays were taken and a bandage applied to his left ankle. He returned to the clinic to consult with the doctors a second time and was advised

to bathe the ankle in hot water. He was off work for two weeks. He testified that upon returning to work his ankle was "giving in on me with continued use of the clutch pedal in getting in and out of the truck." He further testified that he continued to have pain in the left leg and left knee and that this pain and limitation of use prohibited him from bowling and hunting. He stated that after a long run on busy days the pain was persistent in the left ankle and left knee.

All of the employee's testimony as to the accident is uncontradicted. He described the treatment he received from the doctor in the clinic and also the difficulties which he experienced with his left knee and left ankle subsequent to the 1965 accident.

He was examined by Dr. Michael I.Reiffel on October 5, 1966, who described his finding and stated that the employee experienced pain on palpation along the medial aspect of the knee joint. He further testified that extension of the left leg at the knee could be accomplished in full but that flexion of the left knee was limited. He further testified that there was crepitation and instability of the left knee joint during manipulation. Dr. Reiffel stated that based upon his clinical findings the employee was suffering from patella bursitis involving the left knee; ligamentous damage to the left knee and ankle joint; and ligamentous damage involving the ankle joint and foot of the left lower extremity. The doctor stated that it was his opinion that these conditions were permanent. He further stated, in response to a hypothetical question, that there might or could have been a causal connection between the injury sustained by Battaglia on September 7, 1965, and Battaglia's condition of ill-being.

With regard to the aggravation of a pre-existing condition set forth in the hypothetical question concerning the 1964 accident the doctor stated that it could have been aggravated by the 1965 injury.

On review before the Commission the employer

presented a report of a doctor which consisted solely of objective findings as to the left ankle only, based upon an examination of Battaglia made on March 16, 1967.

The employee submitted to the Commission a later report of Dr. Reiffel based upon a re-examination of the employee. This report reveals that Battaglia stated he still experienced pain in the lower left extremity, difficulty in bending the knee and walking in a normal manner. The report further indicates that there is instability in the left knee joint. Flexion of the left leg at the knee joint was still restricted.

As to the claim of the employer that the evidence does not sustain injury to the left leg of the employee we feel that such contention is without merit. There is ample evidence, both at the arbitration stage and on review, of an injury to the knee as well as the ankle which would justify the award of the arbitrator.

The cases cited by the employer in support of its position that the court should set aside an award which is contrary to and against the manifest weight of the evidence have been carefully analyzed by us. Each of them reveal that the evidence presented therein did not justify the award made by the Industrial Commission. However, we do not feel they are applicable to the factual situation involved in the instant case.

We have many times pointed out that the function of a court on judicial review is not to find the facts but to determine whether the finding of the Commission is against the manifest weight of the evidence considered as a whole. The Commission determines the facts and draws whatever reasonable inferences and conclusions are warranted by the evidence. *Sosniak v. Industrial Com., 37 Ill.2d 81; Farace v. Industrial Com., 34 Ill.2d 80; Beck v. Industrial Com., 32 Ill.2d 148.*

In the instant case, both the arbitrator and the Commission heard and considered the medical testimony

presented by both employee and employer. The decision of the Commission is not contrary to the manifest weight of the evidence. The judgment of the circuit court of Winnebago County is therefore affirmed.

*Judgment affirmed.*

MR. JUSTICE GOLDENHERSH took no part in the consideration or decision of this case.