(No. 47337

WILLIAM HAROLD PANTLE, Appellant, v. THE INDUS-
TRIAL COMMISSION *et al.*—(Board of Trustees of
the University of Illinois, Appellee.)

*Opinion filed September 26, 1975.*

Phillips, Phebus, Tummelson & Bryan, of Urbana (Joseph W. Phebus, of counsel), for appellant.

James J. Costello, Timothy O. Madigan, and Warren H. Glockner, all of Urbana, for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

In 1966 the petitioner, William Pantle, was employed by the Board of Trustees of the University of Illinois. On April 28, 1970, he was working in the elevator at the feed storage plant of the University Farms at the Champaign-Urbana campus. On that date he was struck in the left eye by a kernel of corn thrown from a hammermill. As a result of this accident he lost the sight in his left eye.

On May 22, 1972, the petitioner filed an application for adjustment of claim with the Industrial Commission. The respondent filed a motion to dismiss the application because it had not been filed within one year after the accident as required by section 6(c)(3) of the Workmen's Compensation Act (Ill. Rev. Stat. 1971, ch. 48, par. 138.6(c)(3)). The motion also alleged that the respondent had made no payment to the petitioner because of this injury, and an affidavit was filed in support of this allegation.

At the hearing on the motion no evidence was presented. However, the petitioner's attorney argued that

the limitation period of section 6(c)(3) did not apply to this case because the employer had not informed the employee by posting notices or otherwise that a claim must be filed within one year after an accident. It is the petitioner's contention that section 6(a) of the Act requires the posting of such a notice at the place of employment. Following the argument the arbitrator stated that he had considered the petitioner's contention; however, he granted the respondent's motion to dismiss the application for adjustment of claim.

On review before the Industrial Commission the petitioner presented evidence concerning the failure of the respondent to notify him in any manner that an application for adjustment must be made within one year and testified in particular concerning the respondent's failure to post notices to that effect. The Industrial Commission affirmed the decision of the arbitrator, and the circuit court of Champaign County confirmed the decision of the Industrial Commission.

In this court the petitioner argues as he did before the arbitrator, the Industrial Commission and the circuit court that the respondent by its conduct in failing to notify the petitioner of the one-year limitation period has waived the provisions of section 6(c)(3) of the Act and is estopped from claiming the benefits of this section.

We first acknowledge that the requirement of this section that the application for compensation be filed with the Commission within one year after the accident or within one year after the last payment of compensation is not a jurisdictional requirement but is a statute of limitations. The defenses of waiver and estoppel may properly be raised and proved to nullify the effect of this provision of the Act. *Railway Express Agency v. Industrial Com.*, 415 Ill. 294; *Pope v. Industrial Com.*, 53 Ill.2d 560.

The petitioner contends that the failure of the arbitrator and the Commission to make findings concerning waiver and estoppel indicates that the limitation

provision of section 6(c)(3) was treated as jurisdictional and not as a statute of limitations which will yield to these defenses. Petitioner contends that this court should remand the case to the Industrial Commission to make factual determinations as to whether the respondent is estopped to assert or has waived the provisions of this section of the Act. The petitioner alternatively argues that since no findings were made by the arbitrator or the Commission this court from the record should make its own findings on the issues unfettered by the usual rule that the function of the court on review is not to find the facts but to determine whether the finding of the Commission is against the manifest weight of the evidence. (*Miller-Patton Baking Co. v. Industrial Com.*, 49 Ill.2d 324.) We do not agree with either contention.

If the petitioner desired to have specific findings by the Commission upon any question of law or fact he could have availed himself of the provisions of section 19(e) of the Act and requested specific findings in writing. (See *Guardian Electric Manufacturing Co. v. Industrial Com.*, 53 Ill.2d 530.) He did not request any specific findings, and the Commission made only a general finding in favor of the respondent. "A general finding of the Commission in favor of one party is, in effect, a favorable finding on each and every special matter necessary to support the general finding." *Garbowicz v. Industrial Com.*, 373 Ill. 268, 270; *Guardian Electric Manufacturing Co. v. Industrial Com.*

The failure of the arbitrator and the Commission to make specific findings with regard to waiver and estoppel does not indicate, as the petitioner contends, that the one-year provision of section 6(c)(3) was treated as jurisdictional instead of as a statute of limitations. Waiver and estoppel were argued before both the arbitrator and the Commission. The petitioner presented evidence before the Commission in support of his contention. These questions were at issue in the proceeding. The general

finding in favor of the respondent must be construed as specific findings against the petitioner on the issues of waiver and estoppel.

Waiver and estoppel were raised by the petitioner as affirmative matters to defeat the limitations provision of section 6(c)(3). The burden was therefore on the petitioner to prove by a preponderance of the evidence each of the elements necessary to establish either waiver or estoppel. (31 C.J.S. *Estoppel* sec. 160, at 765-67, 771-72 (1964).) Where there is no dispute as to the material facts and only one inference can be drawn therefrom, it is a question of law whether the facts proved constitute an estoppel. (31 C.J.S. *Estoppel* sec. 163, at 790 (1964).) However, if the facts necessary to constitute either of these defenses are in dispute or if reasonable minds might differ as to inferences to be drawn from undisputed evidence, then both issues become questions of fact. *Dwelling House Insurance Co. v. Dowdall,* 159 Ill. 179; *Western Underwriters Association v. Hankins,* 221 Ill. 304; 31 C.J.S. *Estoppel* sec. 163 (1964).

The petitioner testified before the Commissioner as follows: He was employed by the university in 1966. In 1968 he received a cut on the head which required medical attention but which did not cause him to lose time from work. He was given a form to fill out at that time; however, it did not contain any information about filing claims under the Workmen's Compensation Act. When his eye was injured on April 28, 1970, he reported the injury to his supervisor. Neither the supervisor nor anyone else connected with the university told him he had to file a claim for compensation within one year from the date of injury. Although he had seen notices concerning fair employment practices posted at his place of employment he had never seen any notices concerning the Workmen's Compensation Act posted where he worked. He terminated his employment with the university in March, 1971. At that time he discussed his eye injury with a lady in the personnel department. She said that she wished he had

gone to the doctor when he had been injured. She tried to call someone to ask about workmen's compensation but the person was not in his office. She told the petitioner she didn't know if it was too late to do anything concerning workmen's compensation. About two weeks before May 22, 1972 (the date the application for adjustment of claim was filed), the petitioner contacted an attorney about the sale of his house. This was the first time he learned that his injury was covered by workmen's compensation. Prior to that time he had no knowledge that a written claim had to be filed to recover under the Workmen's Compensation Act.

A lady from the personnel department of the university testified that notices similar to respondent's exhibit No. 3 were posted on the bulletin board in the personnel service office where applicants come to apply for work. These notices stated:

"IN CASE OF INJURY, HOWEVER SLIGHT, WHILE YOU ARE ENGAGED IN UNIVERSITY WORK, RE-PORT AT ONCE TO YOUR SUPERVISOR AND TO THE UNIVERSITY HEALTH SERVICE.

THIS PROCEDURE WILL SAFEGUARD YOUR INTER-ESTS UNDER THE ILLINOIS WORKMEN'S COMPEN-SATION LAW AND FAILURE TO SO REPORT MAY AFFECT YOUR RIGHT TO COMPENSATION FOR TIME LOST OR REIMBURSEMENT FOR EXPENSES INCURRED.

THIS IS A REQUIREMENT OF THE STATE WORK-MEN'S COMPENSATION ACT."

Respondent's exhibit No. 2 is a form which was furnished to the petitioner and was signed by him on the date he was employed. It is captioned "Procedure In Case of On-The-Job Accidents." It informs the employees that these procedures are to safeguard their interests under the Workmen's Compensation Act and that failure to follow existing university procedures or the provisions of the Act may affect the right to compensation. The notice then

instructs the employees to report promptly to the health center or to McKinley Hospital and sets out the procedure to be followed in case of critical injury. The notice also states "as soon as possible, notify your supervisor of the accident and fill out the report of claimed accidental injury form."

To prevail on the theory of estoppel it was incumbent upon the petitioner to prove that he had relied upon some acts or representation of the respondent and had no knowledge or convenient means of knowing the true facts. (*Levin v. Civil Service Com.*, 52 Ill.2d 516, 524; *Hickey v. Illinois Central R.R. Co.*, 35 Ill.2d 427, 447; *Dill v. Widman*, 413 Ill. 448, 455.) The petitioner relies heavily upon the respondent's failure to post notices or to otherwise inform him that it was necessary to file a claim within one year from the date of the injury.

In *Ristow v. Industrial Com.*, 39 Ill.2d 410, the issue was whether the claimant was exempt from the statutory requirement of notifying his employer of his injury within the time set by the Workmen's Compensation Act by virtue of his employer's failure to post notices as required by the Act informing the employees of its requirements. The claimant contended that the employer, by this failure, was estopped from raising the question of the claimant's failure to give notice. This court held that section 6(a), requiring the posting of notices, and section 6(c) are not *in pari materia* that there is nothing in the Act to suggest that the requirement of section 6(c) is not to be met if the employer fails to post information pursuant to section 6(a) and that the only consequence of such a failure appears to be that it may constitute a misdemeanor (now a petty offense) punishable by a fine in the court's discretion as provided in section 26 of the Act. There is no evidence in our case that the petitioner failed to or refrained from filing his claim in reliance upon the respondent's failure to post notices pursuant to section 6(a) or to otherwise

inform the petitioner that it was necessary to file a claim within one year. The petitioner has only established that a notice which he contends is required by section 6(a) was not given. This alone is not sufficient to estop the respondent from claiming the benefit of the limitation of section 6(c). As held in *Ristow,* there is nothing in the Act to suggest that the requirement of section 6(c) is not to be met if the employer fails to post notices pursuant to section 6(a).

Also when he terminated his employment with the university in March, 1971, less than one year after the injury, in his discussion with a lady in the personnel department, the question of a possible time limitation on filing a claim under the Workmen's Compensation Act was discussed. Nevertheless, petitioner did nothing further to ascertain whether he was entitled to compensation or whether he had to file a written claim until he consulted an attorney about selling his house, 14 months after his discussion with the lady in the personnel department and more than two years after his injury. To find that the respondent is estopped to assert the limitations of section 6(c)(3) it would be necessary to infer from this evidence that the petitioner had failed or neglected to file his claim for adjustment within one year in reliance on some conduct or representation of the respondent. It is apparent that the Commission drew inferences and made findings contrary to those urged by the petitioner. We cannot say that the findings of the Commission against the petitioner or the issue of estoppel are contrary to the manifest weight of the evidence.

Waiver, as distinguished from estoppel, depends upon what the respondent did or intended to do without regard to the effect of his conduct upon the petitioner. A waiver is the intentional relinquishment of a known right. There must be both knowledge of the existence of the right and an intention to relinquish it. (*First Lutheran Church v. Rooks Creek Evangelical Lutheran Church,* 316 Ill. 196;

*Fey v. Walston & Co.* (7th Cir. 1974), 493 F.2d 1036.) The petitioner clearly did not prove the essential elements of waiver.

The judgment of the circuit court of Champaign County is affirmed.

*Judgment affirmed.*