AETNA CASUALTY AND SURETY COMPANY, Plaintiff-Appellee and Cross-Appellant, v. OAK PARK TRUST AND SAVINGS BANK, Defendant-Appellant and Cross-Appellee.

First District (3rd Division) No. 87—2638

Opinion filed April 13, 1988.

Spitzer, Addis, Susman & Krull, of Chicago (Michael B. Susman and Jane Shroba, of counsel), for appellant.

Baker & McKenzie, of Chicago (Francis D. Morrissey, John W. Dondanville, and John C. Filosa, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Defendant Oak Park Trust and Savings Bank appeals from the entry of summary judgment in favor of plaintiff Aetna Casualty and Surety Company on plaintiff's claim seeking to recover restitution payments which plaintiff maintains were improperly paid to defendant in contravention of the provisions of a banker's blanket bond. On appeal, Oak Park Trust claims that the trial court erred in not finding that Aetna was estopped from asserting the provisions of the bond which entitled Aetna to first recovery. Oak Park Trust also appeals from the trial court's grant of summary judgment in favor of Aetna on Oak Park Trust's counterclaim seeking additional recovery on its original coverage claim under the bond. Aetna cross-appeals from that portion of the trial court's order denying prejudgment interest.

Oak Park Trust purchased a banker's blanket bond from Aetna. According to the terms of the bond, Aetna agreed to indemnify Oak Park Trust for certain losses, including losses that met the terms of "dishonesty" as defined by the bond. Oak Park Trust suffered a loss as the result of a fraudulent loan for $185,000 made by a former bank employee to Vernon Brandt. Oak Park Trust filed a claim with Aetna seeking $129,500 as the loss resulting from this transaction less the bond deductible of $25,000, for a total claim of $104,500. In response to Oak Park Trust's claim, Aetna stated that the portion of the loan which was repaid and was applied to interest before the fraud was discovered should have been applied to the principal, because the bond did not cover "potential income, including but not limited to interest and dividends." Aetna thus paid Oak Park Trust $81,432.81 on its claim.

Upon accepting payment, Oak Park Trust signed a release and assignment, by which it agreed to release Aetna from further liability for all matters included in the proof of loss and assigned to Aetna all of its claims and rights growing out of the loss.

The bond on which Aetna paid Oak Park Trust stated that in regard to recovery of a loss, any such recoveries "shall be applied first

in reimbursement of the Underwriter and thereafter in reimbursement of the Insured for that part of such loss within such Deductible Amount."

Vernon Brandt, one of the participants in the fraudulent loan scheme, was convicted of certain Federal offenses. The terms of Brandt's probation required him to make restitution, and Brandt began making payments to Aetna in 1981. Between 1981 and 1985, Aetna received $40,000 in restitution from Brandt.

In 1984, Oak Park Trust appeared at a status hearing on Brandt's probation before Judge Marshall in the United States district court. Judge Marshall had imposed Brandt's sentence and was supervising his probation. Apparently, Brandt had fallen behind in his restitution payments to Aetna and Oak Park Trust was concerned about recovering at least its deductible and, if possible, the additional amount of its claim denied by Aetna. Aetna did not attend this status hearing or a subsequent hearing in January 1985. At the first status hearing, Judge Marshall ordered that restitution in the amount of $25,000, the amount of Oak Park Trust's deductible, be paid to Oak Park Trust even though Aetna had not received its full restitution. When Aetna protested to Judge Marshall by letter, the judge, who had expressed reservations about his authority to enter the order, told Aetna to come in on a motion to vacate his order. Aetna did not appear. Oak Park Trust was responsible for having Brandt's probation extended two years, in which he made additional restitution. Oak Park Trust received three payments from Brandt totalling $25,000. Oak Park Trust did not comply with Aetna's demands to turn these payments over to it.

On November 13, 1985, Aetna filed this action asserting that it was entitled to the $25,000 in restitution that Judge Marshall ordered be paid to Oak Park Trust. Oak Park Trust filed a counterclaim for the $23,067.19 in interest for which Aetna had denied coverage. Oak Park Trust also filed affirmative defenses stating that Aetna should be estopped from asserting the recovery provisions of the bond or the release because it failed to proceed against Brandt.

The trial court granted summary judgment in favor of Aetna on its original claim and an Oak Park Trust's counterclaim. The trial court also denied Aetna's motion seeking prejudgment interest. Oak Park Trust has appealed the order granting summary judgment and Aetna has cross-appealed that portion of the order denying its request for prejudgment interest.

On appeal, Oak Park Trust does not dispute that the provision of the bond would entitle Aetna to first recovery or that it executed a

release and assignment which released Aetna from further liability. Rather, it maintains that Aetna has waived or is estopped from asserting this salvage provision of the bond and the terms of the release and assignment.

██ Oak Park Trust first argues that the trial court erred in granting summary judgment because estoppel is a question of fact. Normally, questions of waiver and estoppel are for the trier of fact. (*Florsheim v. Travelers Indemnity Co.* (1979), 75 Ill. App. 3d 298, 393 N.E.2d 1233; *Lee v. Ohio Casualty Insurance Co.* (1978), 58 Ill. App. 3d 1, 373 N.E.2d 1027.) If the facts necessary to constitute either waiver or estoppel are in dispute or if reasonable minds might differ as to inferences to be drawn from undisputed evidence, then both issues become questions of fact. (*Pantle v. Industrial Comm'n* (1975), 61 Ill. 2d 365, 335 N.E.2d 491.) However, where there is no dispute as to the material facts and only one inference can be drawn therefrom, it is a question of law whether the facts proved constitute estoppel. *Pantle v. Industrial Comm'n*, 61 Ill. 2d 365, 335 N.E.2d 491.

In *Florsheim v. Travelers Indemnity Co.*, the court stated that although questions of waiver and estoppel are normally for the trier of fact, this does not mean that summary judgment is never appropriate. In *Florsheim*, the parties had full opportunity to provide support for or against summary judgment at a hearing on the motion. The trial court found no genuine issue of material fact with respect to possible waiver or estoppel and this court agreed.

██ Here, neither the terms of the bond provision entitling Aetna to first recovery nor the terms of the release and assignment are disputed. Furthermore, there is no dispute regarding the conduct of Aetna which Oak Park Trust claims effectively estops Aetna from asserting these provisions. When the pleader of estoppel or waiver fails to establish facts amounting to estoppel or waiver, summary judgment is appropriate. (*Strom International, Ltd. v. Spar Warehouse & Distributors, Inc.* (1979), 69 Ill. App. 3d 696, 388 N.E.2d 108.) Oak Park Trust was required to come forward with facts to defeat Aetna's right to summary judgment.

██ Estoppel implies the prejudicial reliance of the insured upon some representation, act, conduct, or nonaction of the insurer. (*Florsheim*, 75 Ill. App. 3d 298, 383 N.E.2d 1233; *Salloum Foods & Liquor, Inc. v. Parliament Insurance Co.* (1979), 69 Ill. App. 3d 422, 388 N.E.2d 23.) While an estoppel may be found even though the insurer neither intended to mislead nor to relinquish its own rights, the insured must still show that it was in some manner misled by the acts

or statements of the insurer or its agents. *Florsheim*, 75 Ill. App. 3d 298, 393 N.E.2d 1233; *Salloum Foods & Liquor*, 69 Ill. App. 3d 422, 388 N.E.2d 23.

Oak Park Trust filed affirmative defenses to Aetna's complaint stating that Aetna was negligent in not proceeding against Brandt to recover the money that Brandt had fraudulently obtained and that Aetna should be estopped from asserting the provision of its bond which gave it the right to first recovery and the release. Oak Park Trust urges that, in considering whether to accept $81,432 for its loss, it justifiably relied on the statement by Aetna that it would proceed by lawsuit against Brandt. Oak Park Trust also relied upon the assignment itself wherein Oak Park Trust assigned its rights against Brandt to Aetna. Thus, Oak Park Trust maintains it was justified in relying upon Aetna to enforce its own right to restitution since Aetna's right was a prerequisite to Oak Park Trust's right.

Examination of the record reveals that Aetna promised to proceed by lawsuit "if feasible" and if Oak Park Trust made a fee contribution. Aetna points out, however, that not only was it not feasible to proceed against Brandt, it was not necessary. Aetna was receiving restitution from Brandt from 1981 through late 1983, and it was not until Oak Park Trust unilaterally went before Judge Marshall and he ordered restitution made directly to Oak Park Trust that Aetna stopped receiving payments. Indeed, Aetna received $40,000 from Brandt between 1981 and 1985, $31,000 before the end of 1983.

Oak Park Trust also urges that Aetna's inaction after Oak Park Trust began asserting its own right against Brandt operated as an implied waiver of Aetna's right to subrogation. Oak Park Trust maintains that Aetna is estopped because it did not attend the status hearings regarding enforcement of the terms of Brandt's probation and did nothing even after Judge Marshall ordered that further restitution payments be made directly to Oak Park Trust.

■ We do not believe that Aetna had a duty to attend Brandt's probation hearing. Moreover, Aetna protested the Federal court's questionable order. But even if Aetna took no action, we do not believe that Oak Park Trust has shown that it reasonably relied upon such inaction so as to constitute an estoppel. Oak Park Trust has not shown that it was misled by the action or inaction of Aetna or that its right to recovery was prejudiced. See *Florsheim v. Travelers Indemnity Co.*, 75 Ill. App. 3d 298, 393 N.E.2d 1233.

Oak Park Trust relies on *Tarzian v. West Bend Mutual Fire Insurance Co.* (1966), 74 Ill. App. 2d 314, 221 N.E.2d 293, in support of its estoppel claim. In *Tarzian*, the insurer denied coverage and en-

couraged the insured to seek recovery from two other potential defendants after suffering a loss from a fire. After it received a settlement offer from these defendants, the insurance company refused to authorize a settlement. The court found that the legal action taken by the insured was encouraged by the insurance company. It found that the company's knowledge and acquiescence in the plaintiff's course of conduct constituted a waiver of its right to demand an assignment of the plaintiff's cause of action.

In contrast, the insurer in the present case was not attempting to profit after initially denying coverage. Nor do we agree that Aetna encouraged Oak Park Trust to seek its own remedy by paying only a part of Oak Park Trust's claim. Here, Aetna honored Oak Park Trust's claim under the bond and paid Oak Park Trust the proper amount after adjusting for the deductible and the unrecoverable interest. Although Oak Park Trust claims it disagreed with that interpretation of the bond regarding nonrecovery of the amount attributable to interest, it cannot now be heard to complain of Aetna's interpretation after accepting payment and releasing Aetna from further liability. We do not agree that Aetna's inaction or alleged nonpayment forced Oak Park Trust to proceed against the wrongdoer because the insurer did not proceed.

▮ Oak Park Trust further maintains that Aetna is estopped from asserting the subrogation provision of its bond because public policy disfavors reimbursing an insurer when the insured has not been fully compensated for its loss. In support of this argument, Oak Park Trust cites a statute which requires that when an insurance carrier is subrogated to its insured's cause of action, it must pay to the insured, out of any recovery from the tortfeasor, the insured's full *pro rata* share of the deductible. (Ill. Rev. Stat. 1985, ch. 73, par. 755b.) This statutory provision applies only to collision coverage and thus has no bearing in the present case.

Furthermore, there is no indication that Aetna did not pay the entire amount of Oak Park Trust's claim. Aetna adjusted the claim for the deductible amount to be paid by Oak Park Trust and the amount Aetna determined was not covered because the bond did not cover potential income, including interest.

Aetna's right to recovery is governed by the terms of the salvage provision of the bond. The provision states that any recoveries shall be applied first in reimbursement of the underwriter and thereafter in reimbursement of the insured for that part of such loss within such deductible amount. Oak Park Trust accepted payments totalling $25,000 directly from Brandt with knowledge that Aetna was entitled

to first recovery. Aetna was not, by law, estopped from asserting the first recovery salvage provision of the bond, and therefore, the trial court correctly entered summary judgment in favor of Aetna on its original claim.

■■ Oak Park Trust next challenges the trial court's award of summary judgment in favor of Aetna on Oak Park Trust's counterclaim. A rider to the bond stated that the bond did not cover "[p]otential income, including but not limited to interest and dividends, not realized by the Insured because of a loss covered under this bond." At the time Oak Park Trust claimed its loss, Brandt had repaid $78,567.19, $23,067.19 of which Oak Park Trust had attributed to interest. Aetna reasoned however, that the portion of $78,567.19 which was applied to interest before the loss was discovered should now be applied to the principal balance because the bond does not cover potential income, including interest. This reduced the amount payable under Oak Park Trust's claim from $104,499 to $81,432.81. Although Oak Park Trust did not agree with this exclusion, it accepted payment for its claim and released Aetna from further liability. On this basis we find that summary judgment in favor of Aetna on the counterclaim was appropriate.

■■ ■ In its cross-appeal, Aetna challenges the refusal of the trial court to award prejudgment interest. In Illinois, prejudgment interest is allowable only where it is agreed to by the parties or permitted by law. (*Steward v. Yoder* (1980), 86 Ill. App. 3d 223, 408 N.E.2d 55.) Pursuant to statute, prejudgment interest is payable at the rate of 5% all moneys due on any bond, bill, or promissory note. Ill. Rev. Stat. 1985, ch. 17, par. 6402.

At least two cases have held that a banker's blanket bond is included in this Illinois statute. (*Fidelity & Deposit Co. v. Reliance Federal Savings & Loan Association* (7th Cir. 1986), 795 F.2d 42, citing *First National Bank v. Insurance Co. of North America* (7th Cir. 1979), 606 F.2d 760.) Oak Park Trust asserts, however, that the trial court correctly found that Aetna is not entitled to prejudgment interest because the $25,000 at issue is not the subject of a direct action by an insured against an insurer and thus, the money is not "due on any bond."

The case relied on by Aetna, *Fidelity & Deposit Co.*, was an action for declaratory judgment brought by the insured against the insurer. That case held that prejudgment interest is to be awarded on a banker's blanket bond if the proof of loss " 'submitted to the insurance compan[y] contained a claim that was capable of ascertainment by mere calculation or computation *** [and thus] was liquidated.' "

(*Fidelity & Deposit Co.*, 795 F.2d at 45, quoting *First National Bank*, 606 F.2d at 769-70.) Clearly, in so stating, the court contemplated an award of prejudgment interest on money owed by the insurance company on the bond it had issued to cover certain losses, this being the amount which must be ascertainable.

In the present case, Oak Park Trust made a claim and Aetna honored this claim. The amount in dispute here was restitution paid by the wrongdoer in the fraudulent loan transaction. The present action was initiated by Aetna to recover the money it contended was improperly paid to Oak Park Trust. We do not believe that the situation herein was contemplated by the legislature when it provided that prejudgment interest was payable for money due on any bond. We therefore find that the trial court correctly denied Aetna's claim for prejudgment interest.

For the foregoing reasons the judgment of the circuit court of Cook County is affirmed in all respects.

Judgment affirmed.

RIZZI and FREEMAN, JJ., concur.