DESIREE L. McCAMMANT, f/k/a Desiree L. Guerrero, Plaintiff-Appellant, v. RICHARD W. McCARTHY, as Ex'r of the Estate of Raymond F. Traphagen, Defendant-Appellee.

Third District   No. 3—89—0627

Opinion filed September 11, 1990.

STOUDER, J., specially concurring.

Mark A. Woollums, of Davenport, Iowa (James M. Hood, of counsel), for appellant.

Bozeman, Neighbour, Patton & Noe, of Moline (John V. Patton, of counsel), for appellee.

JUSTICE SCOTT delivered the opinion of the court:

Plaintiff-appellant, Desiree L. McCammant (Plaintiff), appeals from an order dated September 13, 1989, wherein the trial court dismissed Plaintiff's personal injury action against defendant-appellee, Richard W. McCarthy, executor of the estate of Raymond F. Traphagen (Defendant), as being barred by the statute of limitations. The trial court further determined that Plaintiff's second amended complaint failed to allege facts sufficient for establishing estoppel against defendant. The procedural issue on appeal is whether the trial court erred in dismissing Plaintiff's amended complaint.

On January 23, 1987, Plaintiff, while driving a car, was struck by a car operated by Raymond F. Traphagen (Traphagen). Plaintiff filed suit against Traphagen on January 19, 1989, alleging Traphagen's negligence as the proximate cause of the injuries she sustained as a result of the accident. Traphagen, however, passed away on February 17, 1988. Plaintiff then went through the process of reopening Traphagen's estate, and Defendant, as executor of Traphagen's estate, was served with summons in April of 1989. Defendant filed a motion to dismiss on May 11, 1989, claiming the suit was barred by the statute of limitations and Plaintiff alleged no facts supporting an estoppel theory. Plaintiff filed a resistance to Defendant's motion and

further moved to file a second amended complaint setting forth three pages of allegations and attaching thereto an affidavit of Plaintiff's attorney as support for her estoppel theory.

In her second amended complaint and attached supporting affidavit, Plaintiff alleged that: On September 9, 1987, Plaintiff's attorney received a letter from Carol Majors (Majors) of Allstate Insurance Company (Allstate) indicating she was handling the claim against Allstate and Traphagen; on January 27, 1988, Plaintiff's attorney contacted Allstate regarding settlement and was subsequently contacted by Joyce King (King), who indicated she would be handling the case and that she would need a certain itemized medical bill prior to any settlement; Plaintiff's attorney experienced difficulty in obtaining the requested itemized medical bill and relayed this information to Majors; on June 9, 1988, Plaintiff's attorney sent an itemized medical bill to King; on June 15, 1988, King wrote Plaintiff's attorney requesting a new report from Plaintiff's doctor; on December 8, 1988, King sent Plaintiff's attorney a check for $7,000 as settlement which was rejected by Plaintiff in late December of 1988 or early January of 1989; King indicated that $7,000 as high as Allstate would go to settle the case; Traphagen had passed away on February 8, 1988; no one from Allstate informed Plaintiff's attorney that Traphagen had died; when it became obvious suit would be filed, King lead Plaintiff's attorney to believe that Traphagen was alive and residing in Rock Island, Illinois, by telling him where to serve Traphagen; Plaintiff's complaint was filed against Traphagen on January 19, 1989; Plaintiff's attorney was informed on January 27, 1989, that Traphagen had died; during the first part of February 1989, Plaintiff's attorney was contacted by King wherein Plaintiff's attorney informed King her insured had died in response to her question about whether the complaint had been filed; King informed Plaintiff's attorney she did not know who was the executor of Traphagen's estate but advised that there was a procedure for getting service upon Mr. Traphagen through the Secretary of State's office.

■■ On appeal, Plaintiff argues only the estoppel issue. Thus, the substantive question to be answered is whether the facts as alleged in Plaintiff's complaint and supporting affidavit are sufficient to equitably estop Defendant from asserting the statute of limitations as a defense. In *Vaughn v. Speaker* (1988), 126 Ill. 2d 150, 533 N.E.2d 885, the Illinois Supreme Court outlined the elements of equitable estoppel as follows:

> "First; there must be words or conduct by the party against whom the estoppel is alleged amounting to a misrepresentation

or concealment of material facts. Second, the party against whom the estoppel is alleged must have had knowledge at the time the representations were made that the representations were untrue. This knowledge need not be actual but may be implied; misrepresentations made with gross negligence can form a basis for equitable estoppel. [Citation.] Third, the truth respecting the representations so made must be unknown to the party claiming the benefit of the estoppel at the time that the representations were made and at the time that they were acted on by him. Fourth, the party estopped must intend or reasonably expect that his conduct or representations will be acted upon by the party asserting the estoppel or the public generally; the conduct and representations must be such as would ordinarily lead to the results complained of. [Citations.] Fifth, the party claiming the benefit of the estoppel must have in good faith relied upon the misrepresentation to his detriment. It has been said that this reliance must be reasonable, and that a party claiming estoppel cannot have acted improvidently. [Citation.] While this is true as a general rule, it is also true that if the party alleged to be estopped is guilty of actual intentional deceit and he reasonably expected his deceptive statements or conduct to be relied upon, he is in no position to contend that the party acting upon his deception was negligent in doing so. This is consistent with the principle that one guilty of fraudulent misrepresentation cannot assert that the person defrauded was negligent in failing to discover the truth. [Citations.] The sixth requirement is that the party claiming the benefit of the estoppel must have so acted, because of such representations or conduct, that he would be prejudiced if the first party is permitted to deny the truth thereof." *Vaughn v. Speaker* (1988), 126 Ill. 2d 150, 162-63, 533 N.E.2d 885.

Plaintiff argues that Allstate, acting through King, misrepresented that its insured was alive and that the case would be settled upon receipt of certain doctor's reports and other medical records. We find no merit to Plaintiff's claim that King led Plaintiff's attorney to believe Traphagen was alive. The second amended complaint alleged, in fact, that Plaintiff's attorney advised King of Traphagen's death. Although King may have advised Plaintiff's attorney where Traphagen lived prior to the initial complaint being filed, no inference can be drawn that King knew of and knowingly concealed Traphagen's death at that time. Moreover, there is no affirmative obligation imposed upon an insurance company to monitor the status of its insured and

notify claimants of the insured's death (*Vaughn v. Speaker*, 126 Ill. 2d 150, 533 N.E.2d 885). Nor do we believe that King made any statements above and beyond typical negotiation which were calculated to lull Plaintiff or her attorney into a false sense of security that the case would be settled. In *Vaughn*, the court stated that an insurance company's concession of liability and payments made during the negotiation process may create a reasonable belief on the part of a plaintiff that a claim will be settled. None of these factors, however, are present in this case. The $7,000 check directed to Plaintiff's attorney and subsequently rejected was nothing more than a settlement offer. It was not a concession of liability nor was it an interim payment. Simple negotiation between a claimant and an insurance company does not work to estop the insurance company from insisting upon strict statutory requirements. *Dickirson v. Pacific Mutual Life Insurance Co.* (1925), 319 Ill. 311.

In short, assuming all of the allegations contained within plaintiff's second amended complaint and attached affidavit are true, there is nothing to indicate that Defendant is estopped from asserting the statute of limitations as a bar to Plaintiff's claim. The decision of the trial court is therefore affirmed.

Affirmed.

HEIPLE, J., concurs.

JUSTICE STOUDER, specially concurring:

While I agree with the majority and find *Vaughn v. Speaker* (1988), 126 Ill. 2d 150, 533 N.E.2d 885, conclusive on the issue presented, I write separately to express my concerns with the outcome. Either by statute or otherwise, plaintiffs in McCammant's position should be afforded some form of relief from the normal operations of the statute of limitations. In our mobile society, more often than not plaintiffs and defendants do not live in the same community. Hence, plaintiffs are unlikely to hear of a defendant's death. Also, since the insurance company is the real party in interest in these actions, if the action is filed within the statute of limitations, the insurance company's knowledge should be attributable to the executors of the decedents' estate. In this type of case, neither the plaintiff nor his attorney has any reasonable or practical way of monitoring the defendant's life or death. Consequently, the application of the statute of limitations, as in this case, produces an unfair result without any benefit to the legal system.