CHARLENE PACK, Plaintiff-Appellant, v. SANTE FE PARK ENTERPRISES, INC., *et al.,* Defendants-Appellees.

First District (4th Division)   No. 1—89—0737

Opinion filed February 7, 1991.

Allan J. Marco, of Marco & Stefanos, of Downers Grove, for appellant.

Wildman, Harrold, Allen & Dixon, of Chicago (Ruth E. VanDemark and Aaron T. Shepley, of counsel), for appellees.

JUSTICE McMORROW delivered the opinion of the court:

Plaintiff Charlene Pack filed suit against the owners of the Santa Fe Raceway (hereinafter collectively referred to as defendants) for injuries she allegedly sustained on the defendants' premises. Defendants moved for summary judgment on the ground that plaintiff's suit was barred by the applicable two-year statute of limitations. (Ill. Rev. Stat. 1987, ch. 110, par. 13—202.) Plaintiff responded that defendants

should be equitably estopped from asserting the statute of limitations defense, because plaintiff had detrimentally relied on the date of injury stated in correspondence from defendants' insurer to plaintiff's attorneys. If the incorrect date of injury as stated in the correspondence of defendants' insurer were adopted, plaintiff's suit was timely filed. The record establishes, as a matter of law, that defendants are not equitably estopped from raising the statute of limitations as a bar to plaintiff's suit. Accordingly, we affirm.

The following facts, as revealed in the record, are undisputed for the purpose of defendants' summary judgment motion. Plaintiff was injured on September 14, 1985, while she was a spectator at an automobile race on defendants' premises. Plaintiff sustained substantial damage to her face when she was hit by a rock that was thrown loose from the track during a car race.

Plaintiff initially retained Jeffrey M. Goldberg (Goldberg) to represent her in her claim against defendants. Plaintiff submitted all pertinent documents to Goldberg with respect to the injuries she had sustained on defendants' premises. Goldberg forwarded an attorney lien dated September 20, 1985, to defendants' insurer, Crawford Risk Management Services (Crawford). In this lien, Goldberg stated that plaintiff was injured on defendants' premises on September 14, 1985. At some point thereafter, plaintiff forgot, and could no longer remember, the precise date of her injury.

The record indicates that a racing accident report, executed by agents or employees of defendants, stated that the date of plaintiff's accident was September 14, 1985. In addition, the report of the ambulance service that transported plaintiff from defendants' premises to a local hospital after she was injured indicated that the ambulance service was provided on September 14, 1985. The record does not reveal whether these documents were obtained by Goldberg during his representation of plaintiff. However, defendants do not dispute that these documents were in Crawford's possession prior to plaintiff's institution of her suit against defendants.

Goldberg terminated his representation of plaintiff in the summer of 1987, and plaintiff retained Allan J. Marco (Marco) to act on her behalf in June 1987. In the few months in which Marco represented plaintiff before suit was filed, Marco corresponded with Goldberg and Crawford to obtain the pertinent documents held in the possession of these parties. In response to Marco's request, Goldberg sent Marco four letters which Goldberg had received from Crawford. Each of these letters included a caption indicating that plaintiff's date of injury was September 19, 1985. Marco also sent a notice of attorney

lien to Crawford stating that plaintiff had been injured on September 19, 1985. At Crawford's direction, Marco obtained a release of attorney lien from Goldberg and forwarded it to Crawford. Marco also hired a private investigator in order to ascertain the proper names in which defendants should be specified in a complaint against them.

According to the record, all correspondence Marco received from Goldberg or Crawford included a caption indicating that plaintiff's date of injury was September 19, 1985. In addition, none of the documents received by Marco indicated that plaintiff's injuries occurred on a date other than September 19, 1985. As it appears in the record, neither Goldberg nor Crawford provided Marco with a copy of Goldberg's original attorney lien, the defendants' racing accident report, or the report of the ambulance service, all of which accurately stated plaintiff's date of injury as September 14, 1985. The record does not disclose whether Marco specifically requested these documents from Goldberg, Crawford, or any other person or entity. Because all correspondence and documents in his possession appeared to consistently state the date of plaintiff's injuries as September 19, 1985, Marco drafted a complaint in early September 1987 that alleged plaintiff had been injured on that date. Plaintiff's complaint was filed on September 15, 1987.

Defendants answered the complaint and filed the affirmative defense that plaintiff's suit was barred by the applicable two-year statute of limitations, since her injuries occurred on September 14, 1985, and suit was not filed until two years and a day thereafter, on September 15, 1987. (Ill. Rev. Stat. 1987, ch. 110, par. 13—202.) Thereafter, defendants filed a motion for summary judgment based upon this affirmative defense. Following briefing and argument, the trial court allowed defendants' motion for summary judgment. The trial court determined that plaintiff had unreasonably relied on the correspondence from Crawford in order to ascertain the precise date of plaintiff's injuries. Plaintiff's timely appeal followed.

On appeal, plaintiff argues that the record presents a triable issue of fact with respect to whether defendants should be equitably estopped from raising the defense that her suit was barred by the two-year statute of limitations. (Ill. Rev. Stat. 1987, ch. 110, par. 13—202.) Plaintiff emphasizes that defendants' insurer repeatedly misstated, in its correspondence to Goldberg and Marco, that plaintiff's date of injury was September 19, 1985. Plaintiff also observes that the defendants' insurer received correspondence from Goldberg and Marco, but never corrected these attorneys' misapprehension that plaintiff had been injured on September 19, 1985. Plaintiff contends

that defendants should not be permitted to benefit from their failure to accurately state the date of plaintiff's injury in its correspondence to plaintiff's attorneys, especially since her complaint was filed only one day after the statute of limitations had expired.

■ A defendant is equitably estopped from raising a statute of limitations defense when the defendant undertook affirmative acts that lulled the plaintiff into a false sense of security that the limitations defense would not be raised. Equitable estoppel is generally a question of fact, and the question is properly decided as a matter of law only when the facts are undisputed and reasonable persons could not differ as to the inferences to be drawn from the facts presented. See, *e.g.*, *Pantle v. Industrial Comm'n* (1975), 61 Ill. 2d 365, 335 N.E.2d 491.

■ The six elements of equitable estoppel are: (1) defendant undertook words or conduct that amounted to a misrepresentation or concealment of material fact; (2) defendant knew, or had reason to know, the falsity of his misrepresentation or concealment; (3) plaintiff did not know, or have reason to know, that defendant's misrepresentation or concealment was false; (4) defendant intended, or reasonably expected, that plaintiff would detrimentally rely on defendant's misrepresentation or concealment; (5) plaintiff's detrimental reliance was reasonable and in good faith; and (6) plaintiff would be prejudiced if defendant were permitted to avoid the falsity of his misrepresentation or concealment. *Vaughn v. Speaker* (1988), 126 Ill. 2d 150, 162, 533 N.E.2d 885.

■ Applying these elements to the case at bar, we conclude that the record reveals no disputed factual issues with respect to whether defendants should be equitably estopped from raising the affirmative defense that plaintiff's suit was tardily filed because her injuries occurred on September 14, 1985, rather than on September 19, 1985. Considering all the circumstances pertaining to the interactions of Marco, Goldberg, and Crawford, we find that the record establishes, as a matter of law, that Crawford did not lull plaintiff and her attorney into a false sense of security that defendants would not contest the precise date of plaintiff's injuries. The record shows that plaintiff had reason to know that the date stated in Crawford's correspondence was inaccurate and that her reliance on Crawford's letters to determine the precise date of her injury was unreasonable.

It has been stated that " '[a] party claiming the benefit of an estoppel cannot shut his eyes to obvious facts, or neglect to seek information that is easily accessible, and then charge his ignorance to others.' " (*Vaughn*, 126 Ill. 2d at 169 (Ryan, J., specially concurring),

quoting *Vail v. Northwestern Mutual Life Insurance Co.* (1901), 192 Ill. 567, 570.) Thus, to benefit from equitable estoppel, the plaintiff must have "had no knowledge or means of knowing the true facts. [Citations.]" (*Lissner v. Michael Reese Hospital & Medical Center* (1989), 182 Ill. App. 3d 196, 207, 537 N.E.2d 1002.) The record here reveals that plaintiff had ample means of ascertaining the precise date of her injury, without regard to the date of injury stated in correspondence from defendants' insurer, Crawford.

It is undisputed that plaintiff originally knew, and for a time recalled, the precise date of her injury. The record demonstrates that plaintiff's initial attorney, Goldberg, had been properly advised of the date of her injury and stated the correct date in his notice of attorney lien to Crawford. Thus, the precise and accurate date of plaintiff's injuries could have been discovered and corrected had plaintiff's original counsel, Goldberg, reviewed his file documents and realized that the date stated in correspondence from Crawford was incorrect. There is nothing in the record to suggest that Crawford impeded Goldberg from ascertaining the accurate date of plaintiff's injuries, or that Crawford interfered with Goldberg's transmission of this information to Marco. In addition, there is nothing in the record to indicate that Crawford prevented or interfered with any effort that may have been undertaken by either Goldberg or Marco to obtain the ambulance report, which correctly stated plaintiff's date of injury.

Given these circumstances, we cannot conclude that Crawford should be equitably estopped from raising the statute of limitations defense to plaintiff's claim, on the theory that Crawford should have corrected the misperception of her counsel with respect to the precise date of her injury. This misperception by plaintiff's attorneys could have been readily corrected had the attorneys properly obtained and reviewed the pertinent documents, and if counsel had adequately communicated with respect to the facts pertaining to the plaintiff's claim against defendants. In our view, Crawford should not be held accountable, under the doctrine of equitable estoppel, for the failure of plaintiff's attorneys to timely, properly, and accurately determine the factual predicate to their client's case before suit was filed.

In light of these considerations, we hold that the trial court properly entered summary judgment in defendants' favor on the grounds that the statute of limitations had expired and that defendants were not equitably estopped from raising the limitations as a defense to plaintiff's suit. See, *e.g., McCammant v. McCarthy* (1990), 202 Ill. App. 3d 812, 560 N.E.2d 432 (defendant died before plaintiff filed suit; no showing that defendant's insurer knew of or knowingly con-

cealed this fact from plaintiff prior to expiration of statute of limitations); *Neaterour v. Holt* (1989), 188 Ill. App. 3d 741, 749-50, 544 N.E.2d 846 (plaintiff could not invoke equitable estoppel when plaintiff had accessible means of learning, before statute of limitations expired, that defendant had been negligent in treatment of plaintiff).

■ Plaintiff also argues that summary judgment should not have been entered because the trial court had previously denied defendants' motion to dismiss plaintiff's complaint, under section 2—619 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619), in which defendants argued that plaintiff's complaint was time barred.

The record shows that defendants' section 2—619 motion to dismiss was denied by Judge Sodaro, while the defendants' motion for summary judgment was allowed by Judge Hoffman. Plaintiff contends that in denying defendants' motion to dismiss, Judge Sodaro ordered that defendants obtain the deposition testimony of plaintiff's present attorney, Marco, and that defendants then file a motion for summary judgment with respect to defendants' affirmative defense that the statute of limitations had expired. Plaintiff argues that because defendants did not obtain Marco's deposition testimony, Judge Hoffman, who heard defendants' summary judgment motion because of an automatic assignment of the case to him, should have denied the defendants' summary judgment motion. Plaintiff asserts that Judge Hoffman's allowance of defendants' summary judgment motion amounted to an impermissible modification of Judge Sodaro's denial of defendants' section 2—619 motion to dismiss.

The transcript of the trial court's oral pronouncements indicates that, when Judge Sodaro denied defendants' section 2—619 motion to dismiss, he suggested, but did not require, that defendants obtain Marco's deposition testimony. Judge Sodaro also offered that defendants' statute of limitations argument might be more appropriately raised in a motion for summary judgment rather than a section 2—619 motion to dismiss. As a result, the record does not support plaintiff's argument that Judge Sodaro ordered defendants' taking of Marco's deposition testimony as a precondition to defendants' filing of a summary judgment motion.

In addition, even assuming *arguendo* that Judge Hoffman's consideration of defendants' summary judgment motion amounted to a modification of Judge Sodaro's prior denial of defendants' section 2—619 motion to dismiss, such modification would not be ground for reversal. The denial of a section 2—619 motion to dismiss is an interlocutory order, and it is not improper for a trial judge to amend, revise,

or reverse the prior interlocutory order of another trial judge. (*Rowe v. State Bank of Lombard* (1988), 125 Ill. 2d 203, 213, 531 N.E.2d 1358; *Catlett v. Novak* (1987), 116 Ill. 2d 63, 68, 506 N.E.2d 586; *In re Marriage of Wilson* (1990), 193 Ill. App. 3d 473, 477, 549 N.E.2d 1348.) In addition, there is nothing in the record to indicate that defendants acted in bad faith when they filed their motion for summary judgment, or that defendants were "judge shopping" in order to avoid the previous denial of their section 2—619 motion to dismiss. (See *Rowe*, 125 Ill. 2d at 214.) Consequently, we find plaintiff's argument insufficient ground to disturb the trial court's entry of summary judgment in favor of defendants.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JIGANTI, P.J., and LINN, J., concur.